DANIEL L. LaROCQUE, District Attorney, Marathon County
You have requested my opinion whether the offices of town clerk and town treasurer are incompatible.
You indicate that a vacancy occurred in the office of clerk in one of the towns in the county and the elected town treasurer was appointed, and residents of the township have questioned whether the same person can hold two offices at the same time.
I will informally advise you in this instance, even though the question appears to be beyond the scope of your duties as district attorney.
At 58 OAG 247 (1969), some of the general principles of incompatibility are set forth:
"Public offices may be made incompatible by statute or they may be incompatible according to well-settled principles of common law. In some instances, offices which appear to be incompatible because of a possible conflict of duties or power of one over the other as to appointment, supervision, and pay, may be designated as compatible by statute.
"Public policy requires, that an office holder discharge his duties with undivided loyalty, therefore, in general terms, two offices are incompatible if there is a conflict of interest or duties, so that the incumbent of one office cannot discharge *Page 277 
with fidelity and propriety the duties of both. Incompatibility is not simply a physical impossibility to discharge the duties of both offices at the same time, but is an inconsistency in the functions of the two offices. This might arise, for example, where one office is subordinate to the other, or where a contrariety and antagonism would result in the attempt by one person to discharge faithfully and impartially the duties of both."
I am of the opinion that the two offices are probably incompatible.
There is no statute which expressly prohibits one person from holding both offices at the same time, nor is there any statute which expressly permits it.
Section 60.19 (1) (a), Stats., provides that the electors shall elect three supervisors (one designated chairman), a town clerk, a town treasurer, an assessor, and that:
"* * * no person shall hold the offices of treasurer and assessor at the same time. The electors may at a referendum election held at the time of any regular or special election, vote to combine the offices of assessor and clerk to take effect at the expiration of the current terms of such officers. * * *"
It can be argued that such statute contemplates dual office holding with respect to some offices and, further, that sec. 61.195, Stats., pertaining to villages, would enable such municipality to act by charter ordinance to consolidate the offices of treasurer and clerk. Section 61.195 provides:
"61.195 Discontinuance and change of term of offices. Any village may proceed pursuant to s. 66.01 to discontinue the office of marshal or constable, to change the method of selection of or tenure of any officer other than members of the village board, to consolidate any such office or to change the term of office of members of the village board."
Since a village, under sec. 61.19, Stats., elects a president, a clerk, a treasurer, an assessor and a constable, and since the president is by virtue of his office a trustee, sec. 61.24, Stats., the legislature must have contemplated that the *Page 278 
words in sec. 61.195, Stats., "to consolidate any such office" other than members of the village board, must have included combinations including village clerk and treasurer.
There is no similar language applicable to towns in ch. 60, Stats., and even towns which have acted under sec. 60.18 (12), Stats., to permit town boards to exercise village powers could not act under sec. 61.195, Stats., since towns cannot adopt charter ordinance under sec. 66.01, Stats.
Admittedly, many of the duties of each office could be performed by one person without apparent conflict.
Section 60.45, Stats., setting forth the duties of town clerk, makes only a few references to duties which specifically refer to the town treasurer. Subsections (3), (7), (8), (17) and (19) provide:
"(3) To forthwith notify the county treasurer of the appointment by the town board of any town treasurer.
"* * *
"(7) To act as clerk of the town board, to keep and record faithful minutes of their proceedings, and to enter at length every vote, order, direction, resolution or regulation made by the board or by the supervisors in their official capacity, and to file all accounts audited by the board or allowed at town meeting and enter a statement thereof in the book of records.
"(8) To furnish to the town board of audit at the annual meeting every statement received from the county treasurer of money paid to the town treasurer and all other information respecting the fiscal affairs of the town in his possession, and all accounts, claims and demands against the town filed with him.
"* * *
"(17) To apportion the school money collected by the town and that received from the state for the several school districts of the town on the third Monday of March each year, or as soon as the same shall be collected or received by the town treasurer, to the several districts and parts of districts within the town as provided in these statutes. *Page 279 
"* * *
"(19) To issue licenses, when granted by the town board, upon the presentation to him of the town treasurer's receipt for the prescribed fee."
Section 60.49 (7), Stats., requires the treasurer to certify to the town clerk the amount of school money in his hands to be apportioned by the town clerk. However, it is the duty of the town treasurer to comply with the provisions of sec. 60.49 (1), Stats., which, in my opinion, makes it against the public interest to permit one person to occupy both offices absent express statute permitting the same. Section 60.49 (1) provides:
"(1) To receive and take charge of all moneys belonging the treasurer thereof upon the written order of the county, town treasury, and to pay out the same only in the manner provided by section 66.042."
Section 66.042, Stats., is one of the cornerstones for fiscal responsibility and accountability where public funds are involved. It contemplates that all disbursements from the public treasury, in this case town funds, be by the town treasurer, only upon written order from the town clerk. It is commonly referred to as the check-order system, and the safeguards sought to be provided by the legislature would appear to largely disappear where the same individual wears two hats, one as treasurer and one as town clerk.
Section 66.042 (1), Stats., provides:
"(1) Except as otherwise provided in subs. (2), (3), (4) and (5), in every county, city, village, town and school district, all disbursements from the treasury shall be made by the treasurer thereof upon the written order of the county, city, village, town or school clerk after proper vouchers have been filed in the office of the clerk; and in all cases where the statutes provide for payment by the treasurer without an order of the clerk, it shall hereafter be the duty of the clerk to draw and deliver to the treasurer an order therefor before or at the time when such payment is required to be made by the treasurer. The provisions of this section shall apply to all special and general provisions of the *Page 280 
statutes relative to the disbursement of money from the county, city, village, town or school district treasury except s. 67.10 (2)."
Also see ch. 34, Stats., and especially sec. 34.105, Stats., which are concerned with public deposits.
Even where the offices are held by separate persons, the system of safeguards, including audit by the town board, is not a guarantee that defalcations cannot occur. See Grob v. Nelson (1959), 8 Wis.2d 8, 98 N.W.2d 457.
The problem of dual office holding is primarily for the electorate or the appointing authority, in the first instance, where the statutes do not establish incompatibility.
If the two offices are in fact incompatible, a court might hold that there was vacation of the first office on acceptance of the second. An opinion from this office is not a suitable vehicle to pressure a duly elected or appointed official into resigning one of the offices, especially where the question of conflict is debatable.
RWW:RJV