ED JACKAMONIS, Chairperson Assembly Committee on Organization
The Committee on Assembly Organization requests that I review the opinion of this office reported in 60 Op. Att'y Gen. 276 (1971). That opinion states that the offices of town clerk and town treasurer are "probably incompatible" because the safeguards inherent in the statutory "check-order system" of disbursements by the town treasurer upon the order of the town clerk would "largely disappear *Page 394 
where the same individual wears two hats." 60 Op. Att'y Gen. 276, 279 (1971). The guarded conclusion in that opinion evidenced a reluctance on the part of my predecessor that an opinion of this office be the vehicle for announcing such a result.
The check-order system, (sec. 66.042, Stats.) which requires the signature of the clerk to make sure that the board has authorized the expenditure, that it was budgeted, and the signature of the treasurer to insure that money is available and to authorize money out of the town treasury, has no practical value if the same person wearing two separate hats merely signs twice. An alternative system of drawing checks is provided for villages and cities of the second, third and fourth classes for approval of claims. Sec. 66.042 (1), (7). Such procedure is not applicable to towns.
If I were writing on a clean slate I might very well reach a contrary conclusion to the one stated in 60 Op. Att'y Gen. 276 (1971). Statutorily authorized consolidation of similar offices in cities and villages, through the use of municipal home rule, suggests that such offices are not necessarily incompatible. See secs. 61.195, 62.09 (3)(c), and 66.01, Stats. If such offices are not incompatible in cities and villages, it is difficult to conclude they would be incompatible in towns.
This conclusion is supported in part by the statutes relating to towns. As 60 Op. Att'y Gen. 276, 277 (1971) points out, sec. 60.19 (1)(a), Stats., could be viewed as contemplating dual office holding "with respect to some offices." This statement was made in obvious reference to the language of sec. 60.19 (1)(a), Stats., which provides that "no person may hold the offices of treasurer and assessor at the same time." That statutory language implies that two town offices (other than treasurer and assessor) can be held by the same person simultaneously, if not otherwise incompatible, though such offices probably may not be consolidated, except where specifically authorized under secs. 60.19 (1) (a) and 60.60 (3), Stats. Note that sec. 60.60 (3), Stats., provides that under such circumstances the town officer would not be entitled to the compensation established for both such offices but only for one of the offices.
I would also point out that I am advised that the offices of town clerk and town treasurer are combined in a number of towns throughout the state. *Page 395 
60 Op. Att'y Gen. 276 (1971) is not obviously wrong and it has become part of the fabric of the law, acquiesced in by successive Legislatures. I am reluctant to withdraw or rescind the opinion and I will not do so. The reluctance with which my predecessor reached his conclusion continues to be warranted and I would urge that the Legislature take another look at this issue in light of the fact that these offices have been combined in municipalities other than towns with no discernible effect on the operations of those local governments.
BCL:DJH:JCM