STATE EX REL. SKOGSTAD, Appellant, vs. ANDERSON, Interpleaded, and others, Respondents.

*November 14—December 4, 1906.*

Certiorari: *When issued: Discretion: Parties: Highways: Review of award of damages: Adequate remedy.*

1. The writ of *certiorari* is not a writ of right, but is issued only in the discretion of the court as an extraordinary process when other and ordinary remedies are inadequate.
2. A writ of *certiorari* cannot issue save on the relation of a party to the record sought to be reviewed, either in name or in substance, in the sense that the decision sought to be reviewed would involve special, immediate, and direct injury to his interests.
3. A taxpayer as an individual, on behalf of himself and other taxpayers similarly situated, sued out a writ of *certiorari* to review and annul the decision of an appellate jury appointed by the county judge to review an award of damages to A., resulting from the opening of a highway through his premises upon an application signed by relator and others, A. being the appellant. *Held:*

(1) The decision of the jury merely created an ostensible and *prima facie* claim against the town: legal if the decision was valid, no claim in fact or law if the appellate proceedings were void.

(2) The town being a legal person capable of making its own defenses, the effect of the decision of the jury on the plaintiff was neither special, immediate, nor direct. It was not special, for it fell upon him only in common with the great body of taxpayers. It was not direct or immediate, for it fell upon the town and reached the relator only through the general process of taxation.

(3) While taxpayers might in a proper case invoke the aid of the court to prevent the depletion of the common treasury or prevent an illegal charge thereon, the primary duty and right to resist such injury rested on the town itself acting by its constituted authorities, and the relator could not be heard to champion the rights of the town without showing that the officers refused to do so either by words or acts.

(4) Before the relator could suffer any injury from the award of the jury it must be presented either to the town board or to

the electors in town meeting, and no presumption exists that either body would allow or pay it if illegal.

(5) If the award were disallowed by the town board or town meeting the claimant, in order to enforce it, must sue upon the award, and in that suit all the grounds of invalidity suggested by the petition or writ would be available for consideration.

(6) The court rightly exercised its discretion in quashing the writ.

APPEAL from an order of the circuit court for Trempealeau county: J. J. FRUIT, Circuit Judge. *Affirmed.*

Appeal from order quashing writ of *certiorari* sued out by the relator as an individual taxpayer on behalf of himself and other taxpayers similarly situated to review and annul the decision of an appellate jury appointed by the county judge of Trempealeau county to review the award of damages to one *Anders Anderson* resulting from the opening of a highway through his premises upon an application signed by *Skogstad* and other residents, *Anderson* being appellant— the alleged grounds of invalidity in the proceedings of said jury being that the county judge excused one of the struck jurymen after the precept was issued and before the time fixed for them to meet, without notice to the supervisors of the town or to any of the interested parties; that the sheriff summoned a talesman without knowledge or consent of and without notice to the supervisors or any of the interested parties; that such talesman was on the original list of fifteen names, and was stricken off by one of the parties and therefore unqualified; that the county judge did not appear at the time and place fixed in the precept for the meeting of the jury; and that the jury was not sworn by the county judge. The writ being addressed both to the town clerk and to the county judge, the former made return of the entire record in his office, and the county judge made return that none of the record remained with him, but all had been transmitted to and filed with the town clerk, but added a narrative of the proceedings, from which appears the fact of the excusing of

one of the jurymen before the return day of the precept, the direction to the sheriff to summon a talesman, of which no notice was given either to the supervisors of the town or to the relator, and that the sheriff did summon one Frederickson, whose name was stricken from the original jury list; also that the county judge did not appear at all at the meeting of the jury, who therefore were not sworn by him. On his application, *Anderson,* the landowner, was joined as a party defendant by way of interpleader. He first moved to strike out all of the return of the county judge and certain narrative matter in the return of the town clerk not appearing of record and not responsive to the writ, and further moved to quash the writ for the reason that it does not state facts sufficient to constitute a cause of action, and that it appears by the petition that the relator is not a proper party to the action, also that he has adequate remedy at law, and that he has been guilty of laches; whereupon the court entered an order reciting that it appeared that the petition does not show a proper case for the allowance of the writ, and that upon the equities of the case the same should not be permitted to lie, and was improvidently issued, ordering that the writ be quashed and *Anderson* recover costs from the relator, *Skogstad,* from which order *Skogstad* brings this appeal.

For the appellant the cause was submitted on the brief of *S. G. Gilman,* and for the respondents on that of *R. S. Cowie.*

Dodge, J. The writ of *certiorari* is not a writ of right, but is issued only in the discretion of the court as an extraordinary process when other and ordinary remedies are inadequate. Harris, Certiorari, § 43; *Knapp v. Heller,* 32 Wis. 467; *State ex rel. Schintgen v. La Crosse,* 101 Wis. 208, 77 N. W. 167; *State ex rel. Meggett v. O'Neill,* 104 Wis. 227, 80 N. W. 447; *State ex rel. Hallauer v. Gosnell,* 116 Wis. 606, 619, 93 N. W. 542. It cannot issue save upon the relation of a party to the record sought to be re-

viewed, either in name, or in substance in the sense that the decision sought to be reviewed would involve special, immediate, and direct injury to his interests. 6 Cyc. 766 *et seq.; People ex rel. Lawrence v. Schell,* 5 Lans. 352; *State ex rel. Milwaukee Medical College v. Chittenden,* 127 Wis. 468, 107 N. W. 500; *State ex rel. Sullivan v. Drake, ante,* p. 152, 109 N. W. 982. Applying these principles to the present situation, the effect of the decision of the jury awarding damages to *Anderson* is merely to create an ostensible and *prima facie* claim against the town of Chimney Rock: a legal claim if the decision of the jury is valid, no claim at all in fact or law if the appellate proceedings are void, as relator claims. It in no wise affects the relator save as one of the taxpayers of that town. Hence it is obvious that the only direct effect of the decision or its enforcement would be to subject the town to a liability. The town is a legal person, capable of making its own defenses, and the effect on the plaintiff is neither special, immediate, nor direct. It is not special, for it falls upon him only in common with the great body of taxpayers. It is not direct or immediate, because it first falls upon the town and reaches him only through the general process of taxation, whereby some portion of the town's expenses is distributed amongst the property owners. *Kircher v. Pederson,* 117 Wis. 68, 74, 93 N. W. 813. Another consideration tending strongly to justify the discretion exercised by the trial court in quashing this writ is that, while taxpayers, as also stockholders in private corporations, may in a proper case invoke the aid of a court to prevent depletion of the common treasury or to prevent an illegal charge thereon, the primary duty and right to resist such injury rests in the corporation itself acting by its constituted authorities, and no member thereof will be heard to champion the rights of such corporation without showing that the officers refuse to do so either by words or acts. *Cunningham v. Wechselberg,* 105 Wis. 359, 361, 81

N. W. 414; *State ex rel. Hallauer v. Gosnell,* 116 Wis. 606, 93 N. W. 542; *State v. Browning,* 27 N. J. Law, 527, 529; 6 Cyc. 768, 769. Before the relator can suffer any injury from this award it must be presented either to the town board or to the electors in town meeting, and there is surely no presumption that either body will allow or pay it if illegal. Again, it being disallowed, the respondent *Anderson* must sue upon it, and in such suit all the grounds of invalidity suggested by either the petition or the writ now before us will have ample opportunity for consideration. For these reasons, without searching for others, we think the trial court rightly exercised its discretion in quashing the writ.

*By the Court.*—Order appealed from is affirmed.

