Druml Company, Inc., Appellant, v. Knapp, Commissioner of Public Works, and another, Respondents.

*January 9—February 3, 1959.*

For the appellant there were briefs by *Frederick & Mantyh* of Milwaukee, and oral argument by *George E. Frederick*.

For the respondent Lloyd D. Knapp, Commissioner of Public Works of the city of Milwaukee, there was a brief by *Walter J. Mattison*, city attorney, and *Carl F. Kinnel*, assistant city attorney, and oral argument by *Mr. Kinnel*.

For the respondent Woerfel Corporation there was a brief by *Whyte, Hirschboeck, Minahan, Harding & Harland*, attorneys, and *Roger C. Minahan* and *Walter P. Rynkiewicz* of counsel, all of Milwaukee, and oral argument by *Roger C. Minahan*.

FAIRCHILD, J. Plaintiff sues as a taxpayer, although it is also the lowest bidder. As a taxpayer it can maintain an action to enjoin an award which does not comply with requirements that the contract be let to the lowest bidder. *Mueller v. Eau Claire County* (1900), 108 Wis. 304, 84 N. W. 430.

The defendant commissioner does not assert that plaintiff was incompetent or unreliable. He asserts that plaintiff's

bid was void because it did not properly list proposed sub-contractors.

No statute compels bidders to list proposed subcontractors. Sec. 66.29 (7), Stats., formerly did so, but since amendment by ch. 406, Laws of 1955, it has merely permitted the award-ing authority (in cities of the first class) to require a list.

Nothing in the material papers requires ·a list, except for the paragraph incorporated in the proposal form and quoted in the foregoing statement of facts. Since that paragraph describes the list as referred to in sec. 66.29 (7), Stats., the requirements of a proper list must be found either in that section or in the paragraph in the proposal form.

The material portion of sec. 66.29 (7), Stats., reads: ". . . a full and complete list of all the proposed subcon-tractors . . . and the class of work to be performed by each, as enumerated and called for in bidding documents which list shall not be added to nor altered without the written con-sent of the municipality."

. Fairly read, the list in plaintiff's proposal informed the commissioner that a class of work denominated "structural steel"· would be performed by one of four firms listed in the alternative and that a class denominated "re-enforcing steel" would be performed by one of three firms listed alternatively. The commissioner does not contend that the designations of the two classes of work are insufficient. There remains only the question of whether a listing of several proposed sub-contractors, in the alternative, for one class of work complies with the bidding requirements. We conclude, as did the city attorney and the circuit court, that listing in the alternative does not comply.

It is true that the language of the proposal form does not forbid listing in the alternative in so many words, but it is our opinion that listing in the alternative is inconsistent with the apparent purpose of the language used. The language itself indicates that the identification of the subcontractors

is to be definite for it says that the bidder "will employ, . . . the following subcontractors" and that the "list shall not be added to nor altered without the written consent of the commissioner." We conclude that this means that as soon as the bid is opened and accepted, the bidder is bound to use a particular subcontractor for each class of work indicated unless the commissioner consents to a change. Obviously, the successful bidder must at some time make his choice of which of several possible firms will be subcontractors for a particular portion of the work and the device of requiring a list which is binding upon the bidder seems fairly designed to compel that the choice be made by the time of bidding.

Apparently the legislature still considers that it may be in the public interest that the identity of the subcontractors be determined at the time of bidding, although in 1955 it relaxed the statute from a command to permission.

The circuit court pointed out that listing in the alternative would make it more difficult, and possibly more expensive, for the commissioner to ascertain the reliability and competence of several firms for each part of the work to be subcontracted. There are doubtless other aspects in which the commissioner's work is facilitated if he knows with certainty at the time the bid is accepted which firm will be performing each part of the work. Listing in the alternative would leave the successful bidder free to invite competition among the subcontractors so listed. Competitive bidding among them after the contract has been awarded tends to benefit the contractor, not the public.

Plaintiff contends that under sec. 66.29 (7), Stats., the commissioner must enumerate the classes of work for which subcontractors must be specified. It is the argument that having failed to enumerate particular classes, the commissioner has not fulfilled a condition precedent, and has no authority to require a list of subcontractors. The commis-

sioner has not enumerated classes, but is willing to accept the classifications convenient to the bidder as long as the bidder states the particular work to be performed by each subcontractor. Plaintiff's argument assumes that the commissioner needs the permission granted by sec. 66.29 (7) before the commissioner can require a list of subcontractors. Even if he does need that permission, we do not interpret the section as requiring specific enumeration of each class of work for which the name of the subcontractor is required. The commissioner could enumerate certain classes and thus forego the naming of subcontractors who would perform any class of work not enumerated, but we think the commissioner has discretion to require that every subcontractor be listed. The phrases containing the word "enumerated" were inserted by ch. 27, Laws of 1957. Plaintiff argues that because the legislature thought this insertion was important, it must have intended to make enumeration a condition precedent. It seems to us, however, that the intent was to make it clear that the commissioner *could* enumerate and thus require listing of less than "all the proposed subcontractors." Here he has chosen to require all.

Plaintiff points out that in fact three of the firms listed by it for the class of work "structural steel" were fabricators and the fourth, a structural-steel erecting firm; and that all the firms listed by the plaintiff for the class of work "re-enforcing steel" were fabricators. The circuit court so found and found that the commissioner did not require the listing of fabricators as subcontractors, but also found that the commissioner did not know whether the three fabricators first referred to were erectors of steel or not. Plaintiff contends that since its bid would have been accepted if it had omitted all names but that of the one erecting firm, those other names were surplusage which should have been disregarded. But the commissioner did not know these facts when the bids were opened. On the face of the proposal, subcontractors

were listed in the alternative. We need not decide in this case whether the commissioner could properly have made inquiry, determined that the only subcontractor really listed was the erecting firm, and accepted the bid. He did not do so and we think he was within his official discretion in relying upon the face of the proposal, at least in the absence of knowledge of facts to the contrary.

The second branch of plaintiff's case is an attack upon the validity of the bid which was accepted. Woerfel Corporation did not list subcontractors in the alternative. It listed nine classes of work and gave its own name as the proposed subcontractor for two of them. This can only mean that Woerfel Corporation would perform these classes of work itself and that it was not a subcontractor. The commissioner could and properly did eliminate this part of the list from consideration.

Woerfel Corporation did not list fabricators of steel, although it is conceded that Woerfel Corporation is not a fabricator and would buy fabricated steel delivered at the site of construction. Plaintiff claims that the omission of the name of a proposed fabricator invalidates the Woerfel bid.

The commissioner stated that he did not consider that fabricators and sellers of material are subcontractors. The testimony shows that a fabricator takes a piece of steel called a structural shape, punches rivet holes in it, cuts it to the right length, and delivers it to the site. On the job involved here it appears that the price of fabricated steel will be more than 40 per cent of the total contract price, the commissioner will be interested in the identity of the fabricator because of his interest in the quality of materials, and the specifications provide that he shall have certain rights to observe the weighing and fabrication of materials. He will expect the principal contractor to inform him of the name of the fabricator. The record does not show the type of contract which will be

entered into between Woerfel Corporation and one or more fabricators, but it is a reasonable assumption, under the circumstances, that some type of contract will be entered into in advance of the delivery of the materials and a bid may well have been procured from a fabricator in advance of the bidding on the contract. The general specifications issued by the commissioner define "subcontractor" as "Any person, persons, firm, company, partnership, or corporation, contracting with the contractor to perform a substantial part or all of the contract." Sec. 66.29 (1) (d), Stats., defines "subcontractor" as "a person whose relationship to the principal contractor is substantially the same as to a part of the work as the latter's relationship is to the proprietor. A 'subcontractor' takes a distinct part of the work in such a way that he does not contemplate doing merely personal service." We think that the two definitions must be read together even though the statutory definition was inserted in the statute in 1955 and was not part of the 1943 statutes referred to in the proposal form.

It is clear that one who sells materials delivered at the site of construction is not a "subcontractor" under these definitions, even though he may enter into an express contract with the contractor in advance of delivery. We conclude that the work done by the fabricator constitutes the preparation of the materials rather than "a distinct part of the work" and does not shift the fabricator from the classification of supplier of materials to that of subcontractor. The magnitude of the price to be paid the fabricator under this particular contract does not affect the meaning of the term involved.

A number of courts have considered the definition of "subcontractor" as the term appears in statutes granting liens and other types of protection to persons dealing with subcontractors. Under some statutes a supplier of materials has been held to be a subcontractor, and under others, not.

See 40 Words and Phrases (perm. ed.), p. 346 ff. These decisions involving the use of the term in various statutes enacted for different purposes are not helpful and no decision involving the use of the term in a similar statute or bidding document has been cited to us.

*By the Court.*—Judgment affirmed.

DIETERICH, J., took no part.