GROB and others, Taxpayers, Appellants, v. NELSON, Town Treasurer, and others, Respondents.

*September 8—October 6, 1959.*

For the appellants there were briefs by *Hale, Skemp, Hanson, Schnurrer & Sheehan* of La Crosse, and oral argument by *T. H. Skemp.*

For the respondent Lyle Nelson there was a brief by *Pat H. Motley* of Alma, attorney, and *Kenneth S. White* of River Falls of counsel, and oral argument by *Mr. Motley.*

For the respondents other than Lyle Nelson there were briefs by *Gleeson & Hartman* of Alma, and *Fugina, Kostner*

*& Ward* of Arcadia, and oral argument by *LaVern G. Kostner* and *Roger L. Hartman.*

BROWN, J.

*Removal of Defendants From Their Offices.*

Sec. 17.13 (3), Stats., provides that any town officers may be removed ". . . by the judge of the circuit court of the circuit wherein the . . . town . . . is situated, . . . for cause." The procedure of removal is dictated by sec. 17.16 (3). This provides that such a removal for cause may be made only upon written verified charges preferred by a taxpayer and resident of the governmental unit of which the person against whom the charges are filed is an officer, and after a speedy public hearing.

The trial court correctly observed that the verification of the complaint by the attorney was good only for the action for damages. When the complaint was amended to demand removal of the officers for cause, those charges were not verified by a resident and taxpayer of the town. This failure in verification is not cured by the resident taxpayer's affidavit, in moving to amend the complaint, that he is informed that the illegal conduct subjects the officers to removal. The record still fails to comply with the statute that written verified charges constituting cause be preferred by a resident taxpayer of the town.

Even if the original and the amended complaint had been verified by a resident taxpayer there would still be a fatal jurisdictional defect in this proceeding to remove the officers for cause. It is brought in circuit court; the complaint is directed to the court, and the relief asked by the plaintiffs is demanded of that court. In *Blado v. Knoll* (1958), 4 Wis. (2d) 184, 90 N. W. (2d) 176, the officer to be removed was an officer of a school district and the proceedings were brought, as here, under sec. 17.13, Stats. We held that removal of an officer by a judge was an executive, not a

judicial function. The power to remove is held by the circuit judge. It is not a power of the court. The amended complaint demands judgment *from the court* removing these officers. The court has no such jurisdiction. Judgment dismissing this portion of the action was properly granted.

## I.

### *Personal Liability for Damages.*

### The Town Treasurer.

Taxpayers have no greater right than the municipality itself; a taxpayer cannot sue third parties in behalf of the municipality unless the bringing of such action is a duty devolving upon the municipal authorities, as to which they have no discretion and which they have refused to perform. 18 McQuillin, Mun. Corp. (3d ed.), p. 49, sec. 52.18.

The complaint alleges that the town treasurer embezzled town funds and thereby has caused incidental expense for which he is personally liable, although he has made restitution. This is quickly disposed of. In consideration of the restitution, the town, by the town board and the new town treasurer, released him from *all* claims which the town had or may ever have up to and including the time of the audit made by the department of state audit.

Both the town and the defaulting treasurer were represented by counsel. There is no evidence of any fraud to impeach the settlement. The trial court correctly held that there was an accord and satisfaction which extinguished all liability of the treasurer to the town.

## II.

### *The Complaints to Recover from the Town Board and the Town Clerk.*

### The Cost of the Audit.

(a) The clerk is not a member of the town board. He is not a member of the town board of audit. He did not employ

the auditor. He did not incur this expense individually nor in behalf of the town. No action lies against him.

(b) The members of the town board are also the town board of audit. It shall be its duty to examine and audit the accounts separately of each town officer authorized to receive or disburse money for all money received or disbursed. Sec. 60.33 (1), Stats. The record shows that these men periodically examined the accounts of the treasurer for all money received and disbursed. They did not verify the cash bank balances nor did they discover the treasurer's shortages until 1957.

"The word 'audit' is sometimes restricted to a mere mathematical process, but generally is extended to include the investigation, weighing of evidence, and deciding whether items should or should not be included." *Travelers Ins. Co. v. Pierce Engine Co.* (1909), 141 Wis. 103, 106, 123 N. W. 643.

Under this definition, which again we approve, the duties of the board of audit are quasi judicial, not merely ministerial, and, as such, those members are not liable in their private capacities for their honest errors in performance. We conclude, then, that the individuals who compose the town board and the board of audit are not liable because as members of the board of audit they may have performed their duties unskilfully or incompletely, so long as they acted honestly— and there is no evidence that they acted otherwise.

Sec. 15.22 (12) (d), Stats., provides that the state auditor *shall* ". . . audit the books of the town, . . . upon the request of the governing . . . body . . . Nothing herein shall be construed to be exclusive and prevent a local governing body from employing an auditor of its own choice duly licensed under chapter 135." (By this is meant a certified public accountant.) It is clear, then, that a town board may employ and pay an auditor when the board in its discretion determines in good faith that the services of an auditor are

necessary or desirable and in the exercise of such discretion municipal officers are not personally liable for such expense.

## III.

### *Liability of the Town Board and Town Clerk for the Attorney's Fees.*

Sec. 60.29 (3), Stats., empowers the town board to procure legal advice when needed. Justification of this expense is similar to that of the employment of the auditor. The town-board defendants are not personally liable to reimburse the town in consequence of their discretionary act. The clerk did not retain the attorney and is not liable for his fees, as in the matter of the auditor.

## IV.

Plaintiffs submit that the members of the town board are liable to the town for interest and penalties on late tax payments. It appears that their checks given in prompt payment of taxes were not promptly cashed. Whether or not these defendants were late in paying taxes, the recovery of interest and penalties is not a right which belongs to the town. That right is in the county. Sec. 74.32, Stats. Neither the town nor the plaintiffs have a cause of action arising out of alleged delinquent taxes.

Plaintiffs submit that the court committed error in denying admission of some of plaintiffs' evidence. Their principal contention is that the court refused to admit the transcript of an adverse examination. Only those parts which are relevant to the issues are admissible. Sec. 326.12 (5), Stats. The examination was offered in its entirety. Much of it has to do with alleged causes for the removal of officers. As such they are irrelevant in the action for damages, which is the only part of the complaint over which the court had jurisdiction. Offered in its entirety, admission of the examination was properly denied in its entirety.

Other denials of plaintiffs' evidence are complained of. We consider them either not erroneous or not prejudicial. *By the Court.*—Judgments affirmed.

BROADFOOT, J., took no part.