CITY OF APPLETON, a Wisconsin Municipal Corporation, Plaintiff,

v.

TOWN OF MENASHA, a Wisconsin town, Defendant.

Garth WALLING, Third Party Plaintiff-Appellant,

v.

CITY OF APPLETON, a Wisconsin Municipal Corporation and State of Wisconsin, Third Party Defendants-Respondents.

Supreme Court

*No. 86–2228. Argued January 5, 1988.—Decided February 19, 1988.*

(On certification from court of appeals.)

(Also reported in 419 N.W.2d 249.)

For the third-party plaintiff-appellant there were briefs (in court of appeals) by *Roger W. Clark,* and *Herrling, Clark, Hartzheim & Siddall, Ltd.,* Appleton, and oral argument by *Roger W. Clark.*

For the third-party defendants-respondents there was a brief (in court of appeals) and oral argument by *David G. Geenen,* Appleton.

SHIRLEY S. ABRAHAMSON, J. This is an appeal from an order of the circuit court for Outagamie county, James T. Bayorgeon, Circuit Judge, denying Garth Walling's (Walling) motion to intervene in a proceeding brought by the City of Appleton against the Town of Menasha, on the ground that Walling lacks standing. Walling, a taxpayer of the Town of Menasha, had moved to intervene and filed a third-party complaint seeking a declaration of rights to determine the constitutionality of the statute upon which the City of Appleton bases its proceeding.[1] The circuit court denied Walling's motion to intervene and dismissed the complaint, holding that Walling has no standing to challenge the constitutionality of the statute.

The appeal comes to this court on certification of the court of appeals pursuant to sec. 808.05 (2) and sec. (Rule) 809.61, Stats. 1985–86. The court of appeals certified the case, requesting this court to clarify several "apparently conflicting holdings" on a taxpayer's standing to challenge the constitutionality of a statute.

The issue in this case is whether Walling has standing to challenge the constitutionality of the

---

[1]The attorney general was advised of the challenge to the constitutionality of the statute and declined to participate. Sec. 806.02 (11), Stats. 1983–84.

statute upon which the City of Appleton relies.[2] The City argues that Walling is suing on behalf of the Town and that Walling's action is subject to the same limitations as the Town's. Because the Town cannot challenge the constitutionality of the statute, the City argues that Walling is similarly barred.

We conclude that Walling has a direct and personal pecuniary interest in this action and brings this third-party action on behalf of himself and similarly situated taxpayers. Thus Walling's rights are not coextensive with—or limited by—the Town of Menasha's rights in the action. Accordingly we hold that although the Town cannot challenge the constitutionality of the statute, Walling has standing to challenge the constitutionality. We reverse the circuit court's order and remand the cause for further proceedings.

The facts are not disputed. In 1983, the City of Appleton annexed several parcels of land from the Town of Menasha. Appleton and Menasha were unable to agree on the division or adjustment of assets and liabilities attributable to the annexation. In 1986, Appleton commenced this proceeding against Menasha, pursuant to sec. 66.03(5), Stats. 1983–84, requesting the circuit court to apportion assets and liabilities. After Menasha answered the complaint, Walling, a resident and taxpayer of Menasha and chairman of the Menasha Town Board, moved to intervene and filed a third-party complaint against Appleton. In his complaint, Walling alleges that Appleton's proceeding, if successful, will deprive him and all other Menasha taxpayers of "rights, privileges and proper-

---

[2]The case discussing whether an individual taxpayer may challenge the constitutionality of a state characterize the issue variously as one of standing, legal capacity, legal right or status.

ty." Walling further alleges that the apportionment will deprive him of assets paid for by his tax dollars and will require him and other Menasha property owners to pay additional taxes. Walling further alleges that the apportionment statute, upon which Appleton bases its proceeding, is unconstitutional.

Before discussing Walling's standing to challenge the constitutionality of the statute, we acknowledge, as do the parties, that this court has repeatedly stated that towns and other legislatively created entities of the state cannot challenge the constitutionality of a statute.[3] Although the court has recognized exceptions to this rule,[4] the parties agree that no exception applies to this case and that the Town of Menasha

[3]*See, e.g., Associated Hosp. Serv. v. City of Milwaukee,* 13 Wis. 2d 447, 468, 109 N.W.2d 271 (1961); *City of Marshfield v. Town of Cameron,* 24 Wis. 2d 56, 63, 127 N.W.2d 809 (1964); *State ex rel. La Crosse v. Rothwell,* 25 Wis. 2d 228, 233, 130 N.W.2d 806, 131 N.W.2d 699 (1964); *City of Kenosha v. State,* 35 Wis. 2d 317, 330, 151 N.W.2d 36 (1967); *Town of Germantown v. Village of Germantown,* 70 Wis. 2d 704, 709, 235 N.W.2d 486 (1975); *Buse v. Smith,* 74 Wis. 2d 550, 562, 247 N.W.2d 141 (1976); *Dane County v. H&SS Dep't,* 79 Wis. 2d 323, 329–331, 255 N.W.2d 539 (1976); *City of Madison v. Ayers,* 85 Wis. 2d 540, 544, 271 N.W.2d 101 (1978).

[4]For discussions of the exceptions, see *Town of Germantown,* 70 Wis. 2d 704, 710–11, 235 N.W.2d 486 (1975); *Columbia County v. Wisconsin Retirement Fund,* 17 Wis. 2d 310, 317–18, 116 N.W.2d 142 (1962); *Fulton Foundation v. Department of Taxation,* 13 Wis. 2d 1, 11–13, 14A-14B, 108 N.W.2d 312 (1961); *Associated Hosp. Serv. v. City of Milwaukee,* 13 Wis. 2d 447, 468–70, 109 N.W.2d 271 (1961).

Other jurisdictions have limited the rule that municipalities may not challenge the constitutionality of a statute. See *Star-Kist Foods v. County of Los Angeles,* 42 Cal. 3d 1, 227 Cal. Rptr. 391, 719 P.2d 987 (1986).

cannot challenge the constitutionality of the statute that is the basis for the City's suit. At oral argument Walling's counsel asked the court to re-examine the question of whether a municipality has standing to challenge the constitutionality of a statute. This issue has not, however, been briefed, and we do not reach it.

According to our prior cases, the issue of Walling's standing to challenge the constitutionality of the statute depends on whether Walling's third-party action is a derivative action or a nonderivative action.

This court has distinguished between derivative and nonderivative actions since at least 1900 but has recognized that it is not easy to differentiate between the two. Indeed numerous cases do not discuss the two types of actions, and the court frequently decides the taxpayer's standing to bring the lawsuit without characterizing the action as either derivative or nonderivative. In 1973 the court described the "distinction which exists between ... a derivative action ... and the more typical taxpayers' action [which we refer to as a nonderivative action]" as "very subtle." *Cobb v. Milwaukee County,* 60 Wis. 2d 99, 110–111, 208 N.W.2d 848 (1973), citing *Linden Land Co. v. Milwaukee Electric Railway & Light Co.,* 107 Wis. 493, 503–504, 83 N.W. 851 (1900).[5]

---

[5]*Cobb* and *Linden* do not involve the constitutionality of a statute. In *Cobb* the court concluded that the City of Milwaukee had the right to enforce restrictions contained in a deed from the City to the county and that residents of the city could bring a derivative action. *Cobb, supra* 60 Wis. 2d at 112.

For a discussion of Wisconsin cases on derivative and nonderivative actions, see Bugge, *Wisconsin Municipal Indebtedness, Part III, The Effects of Irregularities in Municipal Obligations and Contracts,* 1964 Wis. L. Rev. 549, 597–603, 620–22.

▇▇▇
According to our decisions, a taxpayer brings a derivative action when the taxpayer brings the suit on behalf of a municipal entity and the effect of the lawsuit on the taxpayer is "neither special, immediate nor direct . . . ." *State ex rel. Skogstad v. Anderson,* 130 Wis. 227, 230, 109 N.W. 98 (1906). The basis of the derivative action is that the municipality has been injured and has the primary right to proceed but has refused to bring the action. The individual brings the action because the municipality fails to exercise its own right to sue. *Coyle v. Richter,* 203 Wis. 590, 234 N.W. 906 (1931).[6]

▇▇▇
When a taxpayer brings an action on behalf of the municipality, that is, a derivative action, the taxpayer's rights in the suit are coextensive with those of the municipality. This rule was set forth in *Madison Metropolitan Sewerage District v. Committee on Water Pollution,* 260 Wis. 229, 249–50, 50 N.W.2d 424 (1951), in which the court denied a taxpayer standing to challenge the constitutionality of a statute. According

---

[6]Some cases analogize the taxpayer's derivative action to a shareholder's derivative action. In *State ex rel. Skogstad v. Anderson,* 130 Wis. 227, 230, 109 N.W. 981 (1906), the court said:

> [W]hile taxpayers, as also stockholders in private corporations, may in a proper case invoke the aid of a court to prevent depletion of the common treasury or to prevent an illegal charge thereto, the primary duty and right to resist such injury rests in the corporation itself acting by its constituted authorities, and no member thereof will be heard to champion the rights of such corporation without showing that the officers refuse to do so either by words or acts.

See also Note, *Taxpayers' Suits: A Survey and Summary,* 69 Yale L. J. 895, 899 (1960).

to this case, if Walling's third-party complaint is a derivative action, then Walling's rights are no greater than the rights of the Town; Walling cannot challenge the constitutionality of the statute because, as we stated earlier, the Town cannot do so.

On the other hand, a taxpayer's action is nonderivative when the taxpayer sues in his individual capacity and as representative of similarly situated taxpayers, not on behalf of the municipality. To bring a nonderivative action, the taxpayer must allege and prove a direct and personal pecuniary loss, a damage to himself different in character from the damage sustained by the general public.

█

This court has held that a taxpayer has the right to raise, on behalf of himself and other taxpayers, a constitutional issue affecting his and their individual rights.[7] *See, e.g., Buse v. Smith,* 74 Wis. 2d 550, 563, 247 N.W.2d 141 (1976); *Thompson v. Kenosha County,* 64 Wis. 2d 673, 679, 221 N.W.2d 845 (1974); *State ex rel. La Crosse v. Rothwell,* 25 Wis. 2d 228, 233, 239a, 130 N.W.2d 806 (1964); *City of Marshfield v. Town of Cameron,* 24 Wis. 2d 56, 64, 127 N.W.2d 809 (1964); *Columbia County v. Wisconsin Retirement Fund,* 17 Wis. 2d 310, 319–20, 116 N.W.2d 142 (1962). If Walling is bringing the third-party action on his own behalf and on behalf of taxpayers similarly situated, his right to challenge the constitutionality of the statute is not limited by the Town's right.

A survey of cases decided in the past thirty-five years since *Madison Metropolitan Sewerage, supra* 260 Wis. 229, involving a taxpayer's challenge to the

---

[7]A party may not urge the unconstitutionality of a statute upon a point not affecting his rights. *Schapping v. Johnson,* 32 Wis. 2d 383, 395, 145 N.W.2d 691 (1966).

constitutionality of governmental action demonstrates that this court has been disposed toward finding that the taxpayer has sustained a direct and personal pecuniary loss. If the taxpayer shows even a slight loss, this court has granted the taxpayer standing to challenge the constitutionality of a statute.

A leading case is *Columbia County v. Wisconsin Retirement Fund,* 17 Wis. 2d 310, 116 N.W.2d 142 (1962). In that case eight counties and one taxpayer sued for declaratory relief against the Board of Trustees of the Wisconsin Retirement Fund seeking an adjudication of the constitutionality of a statute requiring counties to come under the Fund. The court concluded that the counties could not challenge the constitutionality of the statute. Because the taxpayer, however, had alleged a direct pecuniary loss (which the defendant admitted by demurrer) and therefore met the requirements of a taxpayer's action for his own injury, the court concluded that the taxpayer had standing to raise the question on constitutionality.

The *Columbia County* decision makes it clear that courts are disposed toward granting standing to individual taxpayers seeking to challenge the constitutionality of statutes relating to governmental powers that affect them as individuals. The court explained that because the municipality was precluded from challenging constitutionality, unless a taxpayer has standing to make the challenge in state courts, no one else would be able to do so. The message of *Columbia County* is that if an injured taxpayer is denied standing to challenge the constitutionality of a statute, the legislature could violate the constitutional limitations of its powers relating to municipalities with impunity. The court explained its policy of keeping courts open to taxpayer actions as follows:

878

"Unless an individual taxpayer can ground an action for an injury to himself and raise the question of unconstitutionality of the laws so affecting him, the legislature could with impunity violate the constitutional limitations of its powers by enacting statutes affecting counties and the taxpayers thereof and be free from challenge in the state courts, leaving only a taxpayer to sue in the federal courts in those instances where such violation of the state constitution also violated the rights guaranteed by the federal constitution and the taxpayer can meet the other federal requirements for such a suit. ...

"We hold that while the counties cannot raise the issue of unconstitutionality against another agency of the state, the individual taxpayer and resident of one of the counties affected in his individual capacity ... has the capacity to bring this suit and the right to raise the constitutional issue on behalf of himself and the other taxpayers." *Id.* at 319–320.

This court has followed the reasoning of the *Columbia County* case for the past twenty-five years.

In *Thompson v. Kenosha County,* 64 Wis. 2d 673, 680, 221 N.W.2d 845 (1974), the court concluded that a taxpayer had standing to bring a declaratory judgment action against the county to challenge the constitutionality of a statute allowing counties to appoint the county assessor. If the statute were unconstitutional the county's expenditure of funds would be illegal. The court held that the taxpayer had standing to challenge the constitutionality of the statute because "any illegal expenditure of public funds directly affects taxpayers and causes them to sustain a pecuniary loss. The fact that the ultimate pecuniary loss to the individual taxpayer may be

almost infinitesimal is not controlling." *Id.* quoting *S.D. Realty v. Sewerage Comm.,* 15 Wis. 2d 15, 22, 112 N.W.2d 177 (1961).

In *Tooley v. O'Connell,* 77 Wis. 2d 422, 438–39, 253 N.W.2d 335 (1977), taxpayers brought a declaratory action against school board members and the school board, claiming that a statute governing the financing of the Milwaukee public schools was unconstitutional. The court inferred the taxpayers suffered pecuniary loss because any expenditure would be illegal. The court concluded that the taxpayers had a legally protected interest and could assert their claim of unconstitutionality.

In *Buse v. Smith,* 74 Wis. 2d 550, 563, 247 N.W.2d 141 (1976), although the school districts could not challenge the constitutionality of the negative aid statute, the court held that resident taxpayers in negative aid school districts had standing to challenge the statute's validity, because the taxpayers were directly financially affected by the statute.

In *City of Marshfield v. Cameron,* 24 Wis. 2d 56, 64, 127 N.W.2d 809 (1964), the city and the city treasurer sued neighboring towns, claiming monies due under a statute. Taxpayers residing in the towns intervened. The towns and the taxpayer intervenors asserted that the statute upon which the city relied was unconstitutional. The court held that while the towns could not challenge the constitutionality of the statute, the taxpayer intervenors "do not suffer from the same limitations as the defendant towns. Accordingly the question of constitutionality has been properly raised."

The *Marshfield* case is similar to the case at bar. In both cases a city sued a town and a taxpayer of the town intervened to assert that the statute upon which

the city relied to claim monies owed it from the town is unconstitutional. If the taxpayer had standing to challenge the constitutionality of the statute in the *Marshfield* case, the taxpayer should have standing in this case.

The City of Appleton relies on two cases for its argument that Walling does not have standing to challenge the constitutionality of the statute: *Grob v. Nelson,* 8 Wis. 2d 8, 98 N.W.2d 457 (1959), and *Madison Metropolitan Sewerage Dist. v. Committee on Water Pollution,* 260 Wis. 229, 50 N.W.2d 424 (1951). We conclude that neither case supports the order of the circuit court or Appleton's position on appeal.

*Grob v. Nelson* does not involve a taxpayer's challenge to the constitutionality of a statute. In *Grob* several taxpayers sued the town's former treasurer and members of the town board to recover damages allegedly caused by their misfeasance and malfeasance in office. The defendant treasurer had apparently embezzled funds for several years. Prior to the *Grob* lawsuit the town had settled its claim against the treasurer and, as part of the settlement, had released the treasurer from all claims, including incidental attorney and auditor expenses. In *Grob* the taxpayers were suing to recover these incidental expenses.

The *Grob* court correctly concluded that the taxpayers had no greater rights than the town. The taxpayers' action was derivative (although the court did not use this term), being designed to redress injury to the municipality. Because the town was barred by accord and satisfaction from recovering these incidental expenses, the taxpayers in *Grob* could not recover them either.

There is precedent for the *Grob* decision. In *Coyle v. Richter,* 203 Wis. 590, 234 N.W. 906 (1931), the court

concluded that an action against particular officials for illegal acts belongs to the municipality; the taxpayer has an interest that entitles him to protect the municipality's interest but the cause of action is the municipality's.

The facts in *Grob* are so distinguishable from the facts in this case that the reasoning in *Grob* is not applicable to this case.

The second case upon which the City relies is *Madison Metropolitan Sewerage, supra* 260 Wis. 229, which does involve a taxpayer's challenge to the constitutionality of a statute. In that case the Committee on Water Pollution ordered the Madison Metropolitan Sewerage District to bring its treatment and discharge of sewage up to statutory standards. The Sewerage District brought an action in circuit court to review the Committee's order. A District taxpayer intervened. Following the circuit court's affirmance of the Committee's order, the Sewerage District and the taxpayer appealed to this court, asserting that the statutory provision authorizing the Committee to enforce water pollution standards was unconstitutional.

The *Madison Metropolitan Sewerage* court concluded that the taxpayer's rights were coextensive with those of the municipality, and that because the municipality lacked standing to challenge the constitutionality of a statute, the taxpayer also lacked standing. This part of the *Madison Metropolitan Sewerage* decision is difficult to understand. The court quoted language from several cases discussing derivative actions to support its conclusion that the taxpayer had no standing. The court apparently assumed, without discussion, that the taxpayer had no direct

and personal pecuniary loss and that the taxpayer had no rights greater than those of the municipality.

We can find no case that follows the reasoning of this part of the *Madison Metropolitan Sewerage* decision. In *Columbia County v. Wisconsin Retirement Fund,* 17 Wis. 2d 310, 116 N.W.2d 142 (1962), the court expressly refused to be bound by *Madison Metropolitan Sewerage,* stating, without extensive explanation, that the *Madison Metropolitan Sewerage* case "is not controlling of the taxpayer's rights in this case." The other cases which we discussed previously holding that a taxpayer has standing to challenge the constitutionality of a statute do not discuss the *Madison Metropolitan Sewerage* case.

In summary, in numerous cases since *Madison Metropolitan Sewerage* the court has uniformly concluded that a taxpayer has standing to challenge the constitutionality of a statute on behalf of himself and all similarly situated taxpayers if he has a direct and personal pecuniary interest in the litigation. We should follow the rule of law set forth in this line of cases.

The parties in this case agree that Walling has a direct and personal pecuniary interest in the apportionment statute. The City's answer to Walling's third-party complaint does not deny the allegations that Walling's taxes may be raised as a result of the apportionment. The City of Appleton thus admits that Walling has a direct and personal pecuniary interest in this litigation. Furthermore at oral argument the City's counsel conceded that apportionment would affect Walling's taxes. As we said in *Columbia County,* the admission of this allegation "meets the require-

ments of the taxpayer's action for his own injury." 17 Wis. 2d at 319.[8]

Accordingly, we conclude that Walling has grounded the third-party action upon a direct and personal pecuniary injury to himself and that Walling has standing to challenge the constitutionality of the statute even though the Town of Menasha cannot challenge the constitutionality of the statute.

For the reasons set forth, we hold that Walling may intervene to challenge the constitutionality of the statute. Accordingly, we reverse the order denying Walling's motion to intervene and dismissing the complaint and remand the cause to the circuit court for further proceedings.

*By the Court.*—The order of the circuit court is reversed and the cause is remanded.

---

[8]The City of Appleton further asserts that Walling is not really suing as a taxpayer but that he has brought this action as Town board chairman on behalf of the Town. This court has said, however, that a taxpayer's personal motivation or ambition does not preclude him from maintaining a taxpayer's action so long as his interest as a taxpayer is also involved. *J.F. Ahern Co. v. Building Comm.,* 114 Wis. 2d 69, 84, 336 N.W.2d 679 (Ct. App. 1983); *S.D. Realty Co. v. Sewerage Comm.,* 15 Wis. 2d 15, 23, 112 N.W.2d 177 (1961); *Druml v. Knapp,* 6 Wis. 2d 418, 421, 94 N.W.2d 615 (1959); *Chippewa Bridge Co. v. Durand,* 122 Wis. 85, 108, 99 N.W. 603 (1904).