COURT OF APPEALS
DECISION
DATED AND FILED

May 12, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP159**

Cir. Ct. No. 2018CV4856

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

HUMMINGBIRD STORAGE, LLC,

PETITIONER-APPELLANT,

V.

CITY OF MILWAUKEE BOARD OF ZONING APPEALS AND ACQUISITION B, LLC,

RESPONDENTS-RESPONDENTS.

APPEAL from an order of the circuit court for Milwaukee County: WILLIAM S. POCAN, Judge. *Affirmed.*

Before Brash, P.J., Dugan and Fitzpatrick, JJ.

¶1 DUGAN, J. Hummingbird Storage, LLC, appeals an order dismissing its action for certiorari review of the decision of the City of Milwaukee's Board of Zoning Appeals (BOZA) allowing a use variance for a self-

service storage facility at 6801 West Morgan Avenue (Morgan Avenue property) in the City. Acquisition B owns the Morgan Avenue property.[1]

¶2      Hummingbird argues that the trial court erred as a matter of law by granting BOZA and Acquisition B's motion to dismiss the action based on Hummingbird's lack of standing to challenge BOZA's decision. Hummingbird argues it has standing (1) as an aggrieved person, (2) as a taxpayer, and (3) because the use variance violates the City's comprehensive plan. Hummingbird also argues that the criteria to establish standing for challengers of use variances should be expanded and that the trial court erred because it should have allowed Hummingbird to present evidence to support its claim of standing. We are not persuaded and, therefore, affirm.

## BACKGROUND

¶3      On June 7, 2018, Hummingbird filed a certiorari review action in the circuit court for Milwaukee County seeking review of BOZA's decision to grant a use variance[2] for the Morgan Avenue property in Milwaukee, which allows the property to be used as a self-service storage facility.[3] Hummingbird owns a self-service storage facility.

---

[1] Acquisition B was not an original party to the action. On July 26, 2018, Acquisition B filed a motion to intervene in the action as a defendant and, on September 14, 2018, the trial court granted that motion.

[2] "A use variance is one that permits a use other than that prescribed by the zoning ordinance in a particular district." *State ex rel. Ziervogel v. Washington Cty. Bd. of Adjustment*, 2004 WI 23, ¶21, 269 Wis. 2d 549, 676 N.W.2d 401 (citation omitted).

[3] Matthew Mehring had a pending offer to purchase the Morgan Avenue property and he applied for the use variance. After BOZA granted the use variance, Mehring assigned his right to purchase the property to Acquisition B, which then purchased the Morgan Avenue property.

(continued)

¶4 A section of Hummingbird's complaint alleged that Hummingbird had standing to challenge the use variance (1) as an aggrieved person, based on the proximity of its property to the Morgan Avenue property and because "the properties are each located within competing neighborhood shopping districts formed at neighboring intersection"; and (2) as a property taxpayer. Hummingbird alleged that it had the express statutory rights to challenge BOZA's actions as both an aggrieved person and as a taxpayer.

¶5 On August 3, 2018, BOZA filed a motion seeking an order dismissing the action on the ground that Hummingbird lacked standing to bring the action. On September 21, 2018, Hummingbird filed an amended complaint "to address more specifically the issue of pecuniary loss."

¶6 The trial court conducted a hearing on the motion to dismiss for lack of standing on November 9, 2018, where the parties presented arguments and issued an oral decision granting the motion to dismiss the action. The trial court concluded that Hummingbird did not have standing as an aggrieved person because it did not allege any facts to support its assumption that the Morgan Avenue facility would be a direct competitor and would impact Hummingbird's market share simply because the two facilities are located seven-tenths of a mile apart. The trial court also held Hummingbird did not have standing as taxpayer because it did not allege that there was any public expenditure or that any public body acted unlawfully or unconstitutionally. The trial court further held that the

---

Hummingbird subsequently filed an amended complaint; however, that complaint incorporates by reference all the allegations of the original complaint.

added allegations of the amended complaint pointed to personal pecuniary losses, not losses accruing to a class of taxpayers.

¶7      Thereafter, the trial court issued a short written order granting the motion and an order for judgment.  Judgment was entered accordingly.

¶8      This appeal followed.

## DISCUSSION

¶9      Hummingbird argues that the trial court erred as a matter of law when it concluded that Hummingbird lacked standing to bring this action. Hummingbird's opening brief argues it has standing (1) as an aggrieved person, (2) as a taxpayer, and (3) because BOZA's grant of the use variance violates the City's comprehensive plan.  Hummingbird also argues that the criteria to establish standing for challengers of use variances should be expanded, and that the trial court should have allowed it to present evidence in support of its claim of standing.

¶10     Acquisition B argues that Hummingbird is neither an aggrieved person nor a taxpayer within the meaning of the applicable statute, Hummingbird has no legally protected interest in BOZA's compliance with the comprehensive plan, and Hummingbird will not benefit by submitting evidence.

¶11     BOZA adopts Acquisition B's arguments that Hummingbird lacks standing either as an aggrieved person or a taxpayer.  BOZA further argues that this court should reject Hummingbird's policy argument for expanding standing for use variance challengers, and that any allegations by Hummingbird that the use variance violates the City's comprehensive plan does not create an independent basis for standing under the statute.  BOZA also argues that Hummingbird offers

no record citations to support its assertion that it contended in the trial court that the trial court should allow it to present evidentiary support for its claim of standing.[4]

## I.    The standard of review and the applicable law

¶12    This court's "review of a motion to dismiss for lack of standing is *de novo.*" *See **Town of Delavan v. City of Delavan***, 160 Wis. 2d 403, 410, 466 N.W.2d 227 (Ct. App. 1991). This court also engages in *de novo* consideration of issues of statutory construction. *See **Tateoka v. City of Waukesha Bd. of Zoning Appeals***, 220 Wis. 2d 656, 667, 583 N.W.2d 871 (Ct. App. 1998). Statutory interpretation begins with the statute's plain language. *See **State ex rel. Kalal v. Circuit Court for Dane Cty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. "Statutory language is given its common, ordinary, and accepted meaning[.]" *Id.*

¶13    "[A] motion to dismiss test[s] the legal sufficiency of the facts alleged in the complaint." ***State ex rel. Myers v. Swenson***, 2004 WI App 224, ¶6, 277 Wis. 2d 749, 691 N.W.2d 357. On review, the court accepts "all properly pleaded" facts in the complaint as true and assumes all reasonable inferences deriving from them. ***First Nat'l Bank of Wis. Rapids v. Dickinson***, 103 Wis. 2d 428, 432, 308 N.W.2d 910 (Ct. App. 1981). The court, however, is not required to

---

[4] BOZA further argues that, to the extent that this court considers the issue, Hummingbird provides no supporting authority; WIS. STAT. § 62.23(7)(e)10. (2017-18) does not require the trial court to take evidence, rather it provides that the trial court may take evidence "[i]f necessary for the proper disposition of the matter"; and that the only reasonable inferences to be drawn from Hummingbird's allegations do not establish its standing to challenge the use variance at issue.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

accept legal conclusions contained in the complaint. *Cattau v. National Ins. Servs. of Wis., Inc.*, 2019 WI 46, ¶5, 386 Wis. 2d 515, 926 N.W.2d 756.

¶14 WISCONSIN STAT. § 62.23(7)(e)10. provides for certiorari review of zoning decisions and states, in pertinent part, "[a]ny person … aggrieved by any decision of the board of appeals, or any taxpayer … may … commence an action seeking the remedy available by certiorari." A person "is aggrieved by an administrative decision when that decision has a direct effect on [its] legally protected interests." *State ex rel. Brookside Poultry Farms, Inc. v. Jefferson Cty. Bd. of Adjustment*, 125 Wis. 2d 387, 390, 373 N.W.2d 450 (Ct. App. 1985).

### I. Hummingbird has conceded that its allegations do not establish its standing as a person aggrieved or as a taxpayer

¶15 In its initial brief, Hummingbird argues that the allegations of the complaint establish that, under WIS. STAT. § 62.23(7)(e)10., it is both a person aggrieved and a taxpayer that will sustain pecuniary losses. Hummingbird cites *Brookside Poultry Farms, Inc.*, 125 Wis. 2d at 390 (regarding the term "person aggrieved") and *City of Appleton v. Town of Menasha*, 142 Wis. 2d 870, 878, 419 N.W.2d 249 (1988) (regarding the standing of a taxpayer).

¶16 By contrast, Acquisition B argues that Hummingbird is not a person "aggrieved by a decision of a board of zoning appeals" because BOZA's decision to grant the use variance did not have "a direct effect on [Hummingbird's] legally protected interests." *See Brookside Poultry Farms, Inc.*, 125 Wis. 2d at 390. Regarding the term "taxpayer" in WIS. STAT. § 62.23(7)(e)10., Acquisition B states that it is not aware of any published case addressing its meaning; however, Acquisition B argues that the term taxpayer should be construed "to be similar to

the definition of" a person aggrieved in the same statute.[5]  Acquisition B suggests that a taxpayer may only appeal if he or she has sustained a loss or has been negatively impacted by a BOZA decision, and that a taxpayer appealing a BOZA decision would have standing for the same reason as would a plaintiff in a taxpayer's action.  Specifically, in a taxpayer action, the taxpayer "must allege … a direct and personal pecuniary loss, a damage to himself different in character from the damage sustained by the general public."  *City of Appleton*, 142 Wis. 2d at 877.

¶17    Hummingbird does not address Acquisition B's arguments that it is neither a person aggrieved nor a taxpayer under WIS. STAT. § 62.23(7)(e)10. in its reply brief.  We construe Hummingbird's failure to refute Acquisition B's arguments as a concession.  *See Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (holding that a party's failure to refute an argument constitutes a concession).  Therefore, we deem Hummingbird to have conceded that its allegations do not establish its standing under § 62.23(7)(e)10., either as an aggrieved person or as a taxpayer.

## II.    Hummingbird has conceded that it has not established standing based on any allegation that the use variance violates the City's comprehensive plan

¶18    Hummingbird also argues as an independent basis for standing based on its claim that BOZA's grant of the use variance violates the City's

---

[5] Acquisition B relies on the "*in pari materia* rule."  "The statutory construction doctrine of *in pari materia* requires a court to read, apply, and construe statutes relating to the same subject matter together."  *Winebow, Inc. v. Capitol-Husting Co., Inc.*, 2018 WI 60, ¶30 n.6, 381 Wis. 2d 732, 914 N.W.2d 631.  We do not address this argument of Acquisition B because we resolve the case on other grounds.  *See State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997) (stating that appellate courts should resolve appeals "on the narrowest possible grounds").

comprehensive plan for the area where the Morgan Avenue property is located. Both BOZA and Acquisition B filed responses opposing this argument. Hummingbird filed a reply brief regarding Acquisition B's response to this argument; however, it filed no reply to BOZA's arguments.

¶19     BOZA argues that, because Hummingbird cites neither authority to support its contention nor specific portions of its complaint, this court need not address Hummingbird's argument that it has standing based on its claim that the use variance violates the City's comprehensive plan.  BOZA further argues that WIS. STAT. § 62.23(7)(e)10. unambiguously creates two categories of individuals with standing to seek review of a BOZA decision—aggrieved persons and taxpayers, and that Hummingbird has not explained how or why the court should interpret § 62.23(7)(e)10. as creating a third basis for standing.  Acquisition B also argues that Hummingbird cites no authority in support of its contention.

¶20     Hummingbird does not address BOZA's arguments in its reply brief. Nor does it address Acquisition B's argument that it cites no supporting authority. We, therefore, conclude that Hummingbird conceded those arguments.  *See* ***Charolais Breeding Ranches, Ltd.***, 90 Wis. 2d at 109 (holding that a party's failure to refute an argument constitutes a concession).[6]

¶21     Furthermore, Hummingbird's reply brief focuses solely on Hummingbird's policy argument that a variance which is inconsistent with the

---

[6] Acquisition B makes additional arguments in opposing Hummingbird's claim that it has standing based on Hummingbird's interest in having BOZA comply with the comprehensive plan when granting use variances.  However, we decline to address them.  *See* ***Castillo***, 213 Wis. 2d at 492 (stating that appellate courts should resolve appeals "on the narrowest possible grounds").

City's comprehensive plan should create another method of acquiring standing for commencing an action against a BOZA decision. Both Acquisition B and BOZA assert that Hummingbird provides no legal support for this contention that such a violation would create standing in this matter for Hummingbird. Hummingbird concedes this, but urges this court to consider the policy argument. We decline. The standing for commencing this type of action is specifically and unambiguously set forth in WIS. STAT. § 62.23(7)(e)10. "One of the maxims of statutory construction is that courts should not add words to a statute to give it a certain meaning." *Fond du Lac Cty. v. Town of Rosendale*, 149 Wis. 2d 326, 334, 440 N.W.2d 818 (Ct. App. 1989). We cannot add words to § 62.23(7)(e)10 to create another method of acquiring standing for bringing this action that the legislature did not contemplate.

### III. Hummingbird has conceded the record does not show that it asked to present evidence regarding damage to its protected property interests

¶22    Hummingbird argued in its opening brief that the trial court should have allowed it to present evidence to support its claim that it sustained damages to its protected property interests. BOZA countered that Hummingbird offered no record citations for its assertion that it had asked the trial court to permit it to provide evidence to support that claim.

¶23    Hummingbird's reply brief does not address the argument. We construe Hummingbird's failure to refute the argument as a concession. *See id.* Therefore, we decline to further address the argument that the trial court should have allowed Hummingbird to present evidence to support its claim that it

9

sustained damages to its protected property interests or to further consider BOZA's additional arguments related to the issue.[7]

### IV.    The appeal is not frivolous

¶24    Acquisition B seeks an award of sanctions arguing that Hummingbird's appeal is frivolous under WIS. STAT. RULE 809.25(3)(c).  The test is whether "under all the circumstances," the appeal is "'so indefensible that the party or his attorney should have known it to be frivolous.'"  ***Baumeister v. Automated Prods., Inc.***, 2004 WI 148, ¶¶28, 30, 277 Wis. 2d 21, 690 N.W.2d 1 (citation omitted).  "In order to be awarded costs, fees, and reasonable attorney fees, the moving party must prove that the entire appeal presented was frivolous.  If an argument advanced has arguable merit, then the appeal is not frivolous." *See* ***id.***, ¶34.  Although Hummingbird has not prevailed on appeal, and its single reply brief focused solely on its policy argument, we are not persuaded that its arguments on appeal are frivolous.  *See* ***id.***, ¶27.  Therefore, the motion for sanctions is denied.

### CONCLUSION

¶25    For the stated reasons, we affirm the trial court's order dismissing Hummingbird's action based on its lack of standing.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.

---

[7] As an appellate court, we decide cases on the narrowest possible grounds. *See* ***Castillo***, 213 Wis. 2d at 492.