RUSSELL A. OLSON, Lieutenant Governor Executive Office
You have requested my opinion of a bill draft identified as LRB-3147/1 which places a ceiling on the assessment of agricultural land. Your particular concern is whether the proposal violates the tax uniformity clause found in Wis. Const. art. VIII, sec. 1, which was amended on April 2, 1974, to read in part as follows: "The rule of taxation shall be uniform . . . .Taxation of agricultural land and undeveloped land, both asdefined by law, need not be uniform with the taxation of eachother nor with the taxation of other real property." (Amended language underscored.)
In my opinion the proposal is unconstitutional.
The bill draft is sixty-nine pages, but the basic intent of the proposal is found on page 34, and provides:
SECTION 881d. 70.53 (2) of the statutes is created to read:
 70.53 (2) No later than September 1 of each year the clerk shall adjust the value of land, exclusive of improvements, entered on the roll as agricultural land under s. 70.32 (2), so as not to exceed 250% of the amount equal to the assessment ratio of the taxation district for agricultural land multiplied by the statewide equalized assessed value per acre of agricultural land, as determined by the department of revenue, revise the statement prepared under sub. (1) and transmit the revised statement to the supervisor of assessments.
An example to illustrate the manner in which the bill's purpose would be carried out follows. *Page 180 
In 1977 the Town of Brookfield in Waukesha County had thirty-seven parcels totalling 855 acres of agricultural land locally assessed for $192,350, or $224.97 per acre. This same agricultural land had an equalized full value of $2,130,000, or $2,491.23 per acre according to the State Department of Revenue. Thus, this land was being locally assessed at only 9% of its full value, even though by statute it should have been assessed at 100% of its full value.
By way of comparison, on a statewide basis in 1977 there were 17,562,364 acres of agricultural land locally assessed at $3,322,464,452, or $189.18 per acre. This same agricultural land had an equalized full value of $7,749,375,700, or $441.25 per acre according to the State Department of Revenue. Thus, on a statewide basis in 1977 this land was being locally assessed at 43% of its full value.
By way of further comparison, on a statewide basis in 1977 the following classes of land and improvements listed in sec. 70.32
(2) (a), Stats., were being assessed at the following percentages of full value:
 A. Residential 62% of full value B. Mercantile 69% of full value C. Manufacturing 64% of full value D. Agricultural 50% of full value
Thus, it can be seen that agricultural land is being locally assessed for less than other classes of property to the detriment of the owners of other classes of property, even though state statutes presently provide that all property should be assessed alike according to its full value.
It is with this background in mind that the proposal should be examined. Under the facts stated above and the proposed statutory ceiling, agricultural land in the Town of Brookfield would have to have had its value adjusted on a parcel-to-parcel basis so that its value would not exceed a locally assessed limit of $99.28 per acre computed as follows:
9% x $441.25 per acre = $39.71 per acre x 250% = $99.28
Assume that one of the prime parcels of agricultural land in the Town of Brookfield consists of 100 acres and has a fair market value of $5,000 per acre, for a full value of $500,000. Further, assume that *Page 181 
another parcel of less desirable agricultural land in the same town also consists of 100 acres, but has a fair market value of only $500 per acre, for a full value of $50,000. Since the town is assessing at only 9% of full value, the respective locally assessed values of these parcels would be $45,000 and $4,500. As previously discussed, the local valuation limit of $99.28 per acre would require a reduction in the assessed value of the prime parcel not to exceed $9,928. Consequently, the prime parcel would be exempted from the tax on $35,072 of assessed value. Instead of being assessed at 9% of its full value, under the proposal it would be assessed at 2% of its full value.
Agricultural property as a whole on a statewide basis is being assessed at only 50% of its full value, and agricultural land on a statewide basis is being assessed at only 43% of its full value, when residential, mercantile and manufacturing property is being assessed respectively at 62%, 69%, and 64% of full value. This proposal would increase those discrepancies and further shift the burden of taxation to nonagricultural property and agricultural property which does not qualify for the exemption.
It is true, as your letter points out, that our state constitution has been amended to provide for the taxation of agricultural land which is not uniform with other classes of property. That amendment provided that agricultural land was to be defined by the Legislature as a separate class of property and that all agricultural land meeting that statutory definition could be taxed in a manner which did not have to be uniform with the taxation of other real property throughout the state. An example of its implementation would be a statute which would assess agricultural land uniformly at only one-half of its fair market value. Whatever method chosen, there still must be uniformity of treatment within the class of agricultural land.See 63 Op. Att'y Gen. 3 (1974). It is at this point where the proposed legislation fails to pass muster, because it allows for the different treatment of property within an undefined class of agricultural land. In those areas where the limitation applies, some agricultural lands would not have to contribute as much to the support of the local tax effort as other agricultural lands. In effect, the proposal creates a partial exemption for some agricultural lands and thus creates a class within the class. As a result, each dollar's worth of agricultural land would not be taxed the same as any other dollar's worth of agricultural land.See *Page 182 Ehrlich v. Racine, 26 Wis.2d 352, 132 N.W.2d 489 (1965); andGottlieb v. Milwaukee, 33 Wis.2d 408, 147 N.W.2d 633 (1967).
The constitutional amendment cited above does not have a period after the word "uniform." The sentence is an exception to the uniformity clause, but somewhat limited. It enables the Legislature to define "agricultural land" and "undeveloped land." There may be numerous ways in which land could meet the requirements of either of these two classifications. Once the requirements have been met, however, and land meets the statutory definitions, then all land falling within each definition must be taxed the same, even though the taxation of such land does not have to be uniform with the taxation of other real property. In my opinion, the constitution does not contemplate the creation of classes within the class of agricultural land so as to allow for different treatment among the subclassifications.
BCL:APH