William F. O'DONNELL, County Executive of
Milwaukee County, in his capacity as County
Executive and as a taxpayer of Milwaukee
County, Wisconsin, and Francis X.
McCormack, a taxpayer of Milwaukee County,
Wisconsin, on their own behalf, and on behalf
of all other taxpayers of Milwaukee County,
Wisconsin, Plaintiffs-Appellants,

v.

Linda REIVITZ, Secretary, Department of Health
& Social Services, The Department of Health
& Social Services of the State of Wisconsin,
Charles Smith, State Treasurer of the State of
Wisconsin, Defendants-Respondents.

Court of Appeals

*No. 87–0092. Submitted on briefs February 18, 1988.—Decided
April 14, 1988.*

(Also reported in 424 N.W.2d 733.)

717

719

For the plaintiffs-appellants the cause was submitted on the briefs of *Robert H. Friebert, Charles D. Clausen, Caren B. Goldberg,* and *S. Todd Farris,* and *Friebert, Finerty & St. John, S.C.,* of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Donald P. Johns,* assistant attorney general.

Before Gartzke, P.J., Eich and Sundby, JJ.

GARTZKE, P.J.   William F. O'Donnell and Francis X. McCormack appeal from a judgment dismissing their complaint for a declaration that sec. 46.26(4)(a), Stats., part of the Youth Aids statute, is unconstitutional.[1] The defendants-respondents are the Depart-

---

[1]Section 46.26(4)(a), Stats., provides:

> The department [of Health and Social Services] shall bill counties or deduct from the allocations under s. 20.435(4)(cd) for the costs of care, services and supplies purchased or provided by the department for each person receiving services under ss. 48.34 and 51.35(3). Payment shall be due within 60 days of the billing

ment of Health and Social Services, the department's secretary and the state treasurer. O'Donnell and McCormack are Milwaukee county taxpayers.

The issues are whether the appellants have standing to attack sec. 46.26(4)(a), Stats; whether the statute is a tax provision; and if so, whether it violates the requirement in Wis. Const. art. VIII, sec. 1, that the rule of taxation shall be uniform. We conclude that appellants have standing as taxpayers. We also conclude that sec. 46.26(4)(a) is not a tax statute. We therefore affirm, without reaching the constitutional issue.

1. *Statutory Background*

The Children's Code, ch. 48, Stats., directs that if a circuit court judge adjudicates a child delinquent, the judge must order one or more of certain dispositions for the child under a care and treatment plan. Sec. 48.34. Dispositions include placement in residential treatment centers and secure correctional facilities. Secs. 48.34(3)(d) and (4m). The residential treatment centers and secure correctional facilities are state-licensed or state-owned and operated.

The primary responsibility for providing or paying costs of placement in residential treatment facilities and correctional facilities is imposed upon the counties by the Youth Aids Program, sec. 46.26, Stats. That program, created by sec. 827, ch. 34, Laws of 1979,

> increases county flexibility and fiscal responsibility by offering state juvenile correctional services to the counties on a modified purchase-of-service

basis. Funds will be provided to counties, but counties will be charged for all state juvenile correctional services they use. This arrangement gives counties a choice: provide the needed services locally or purchase them from the state.

Executive Budget Policy Issue Papers at 14, 1979–81 Biennial Budget.

The Youth Aids Program helps counties meet but does not discharge their responsibility to provide or pay the cost of placement. The legislature appropriates funds for Youth Aids. Sec. 20.435(4)(cd), Stats. Within the limits of the appropriations, the Department of Health and Social Services allocates the funds to each county. Sec. 46.26(3)(c), Stats. Those grants-in-aid must be used "to purchase or provide juvenile delinquency-related services under ch. 48 ...." Sec. 46.26(2)(c).

Consistent with the counties' responsibility, sec. 46.26(4)(a), Stats., requires the department to bill counties or to deduct from their Youth Aids allocations "the costs of care, services and supplies purchased or provided by the department for each person receiving services under ss. 48.34 and 51.35(3)." Those persons are juveniles placed in residential treatment centers or secure correctional facilities.

In some counties, the Youth Aids allocation is enough to cover the costs of placing children in residential treatment centers and secure correctional facilities. In other counties, the allocation is insufficient. When billed under sec. 46.26(4)(a), Stats., the latter counties are forced to draw upon their treasuries to reimburse the state for the difference. When this action was commenced, Milwaukee county was in the latter category.

A substantial difference can exist between the state's bill to a county under sec. 46.26(4)(a), Stats., and the Youth Aids allocation to the county. Milwaukee County projected that it would incur a $13,900,000 deficit in 1986 due to the cost of placement of its juveniles in state-run secure correctional facilities or residential treatment centers. The only realistic means of reducing that deficit is through the property tax.

2. *Standing*

O'Donnell joined this action as Milwaukee County Executive and as a taxpayer. The trial court held that he lacked standing to bring this action as Milwaukee County Executive. No review is sought of that ruling. The court also held that O'Donnell and Francis McCormack have standing as individual taxpayers in Milwaukee County. We agree.

Respondents contend that O'Donnell and McCormack have no greater rights than the county to attack the constitutionality of sec. 46.26(4)(a), Stats. As an arm of the state, generally the county cannot question the constitutionality of a state statute. *Columbia County v. Wisconsin Retirement Fund,* 17 Wis. 2d 310, 317, 116 N.W.2d 142, 146 (1962). The *Columbia County* court held that if a taxpayer attempts to protect the same interests as the county's, the taxpayer's suit is derivative and the taxpayer, like the county, lacks standing to attack the constitutionality of a statute. *Id.* at 318–19, 116 N.W.2d at 147.

The issue regarding standing has been resolved by *City of Appleton v. Town of Menasha,* 142 Wis. 2d 870, 419 N.W.2d 249 (1988). The *City of Appleton* court held that a taxpayer who grounds an action on a direct and personal pecuniary interest has standing to attack the

constitutionality of a statute even if the municipality of the taxpayer does not. *Id.* at 884, 419 N.W.2d at 255.

Because the trial court granted judgment on the pleadings pursuant to sec. 802.06(3), Stats., the facts alleged in the complaint are taken as undisputed. O'Donnell and McCormack allege that they are property taxpayers in Milwaukee county and all actions taken by the respondents adversely affect all property taxpayers of Milwaukee County. They allege that because Milwaukee County does not receive sufficient funds under the Youth Aids allocation to pay the costs of placement, a property tax must be imposed on property owners in Milwaukee county to pay substantial sums of money. They allege the taxpayers of Milwaukee County are suffering irreparable and immediate harm.

██ We conclude that O'Donnell and McCormack have a direct and personal pecuniary interest in this litigation. They have standing to attack the constitutionality of sec. 46.26(4)(a), Stats.

3. *Sec. 46.26(4)(a), Stats., Not a Tax Statute*

O'Donnell and McCormack contend that sec. 46.26(4)(a), Stats., compels counties to pay state costs for administering a state program regarding adjudication by state judges and incarceration of juvenile delinquents. Since Milwaukee County does not receive adequate state Youth Aid funds to pay the entire bill, the only source of money to pay the balance is the local property tax. They argue that the effect of sec. 46.26(4)(a) is the imposition of a tax in Milwaukee county and therefore it is a taxing statute. We disagree.

A tax is an exaction, usually of money, by the government to support the government. *State ex rel. Bldg. Owners v. Adamany,* 64 Wis. 2d 280, 289, 219 N.W.2d 274, 279 (1974). Whether sec. 46.26(4)(a), Stats., is a tax statute is a question of law. We decide a question of law without deference to the trial court's opinion. *Kroeger v. Kroeger,* 120 Wis. 2d 48, 50, 353 N.W.2d 60, 61 (Ct. App. 1984).

Subject to limitations prescribed in the Wisconsin Constitution, the legislature possesses supreme authority over municipalities. *Madison Metropolitan Sewerage Dist. v. Committee,* 260 Wis. 229, 242, 50 N.W.2d 424, 431 (1951). As an arm of the state in governmental matters, generally a county cannot refuse to obey a state's direction. *Dane County v. H&SS Dept.,* 79 Wis. 2d 323, 330, 255 N.W.2d 539, 543 (1977).

"There are many instances where the legislature imposes new duties involving financial obligations upon counties without providing any appropriation therefor. This is done on the theory the county is a political subdivision or agency of the state." *Columbia County,* 17 Wis. 2d at 325, 116 N.W.2d at 150. Accordingly, in the absence of a constitutional limitation, the legislature may compel counties to provide a specified social service and to bear the cost.

A statute directing counties to provide certain services at the counties' cost is not a tax statute. The statute adds to the duties of counties and adds to their financial burdens, but neither addition is an exaction from the counties for the support of government. Direction to provide the service and bear the cost,

without more, is not direction as to how the money must be raised to meet the cost. How the money will be raised is a matter separate and distinct from the legislature's direction to provide the service.

■ That sec. 46.26, Stats., provides funds or grants-in-aid to assist the counties and to pay all or part of the cost of services the state provides does not detract from the counties' responsibilities. Nor do the funds or grants-in-aid affect the question whether the statute is a tax provision.

As support for their claim that sec. 46.26(4)(a), Stats., is a tax statute, appellants rely on *Buse v. Smith,* 74 Wis. 2d 550, 247 N.W.2d 141 (1976), and *State ex rel. La Follette v. Torphy,* 85 Wis. 2d 94, 270 N.W.2d 187 (1978). Neither case supports appellants' claim.

The *Buse* court held that a negative-aid payment under sec. 121.08, Stats. 1975, was a tax. The court reasoned that "[u]nder the statutorily created negative-aid formula, the method of meeting the required payments are [sic] made an integral part of the local taxing process." 74 Wis. 2d at 573, 247 N.W.2d at 152. Section 121.08, Stats. 1975, shows on its face how it was integrated with the taxes levied on real estate within a school district.[2] The amount required to be

---

[2]Section 121.08, Stats. 1975, provided:

(1) The state shall pay to the school district a sum equal to the amount by which the primary guaranteed valuation exceeds the school district equalized valuation, multiplied by the primary required levy rate and a sum equal to the amount by which the secondary guaranteed valuation exceeds the school district equalized valuation multiplied by the secondary required levy rate.

(2) The school district shall pay to the state the sum of pars. (a) and (b).

paid was a direct function of the equalized value of the taxable property within the school district and of a primary rate the legislature required all school districts to levy. The districts thus were required to levy a tax for educational purposes.

■

In contrast to the negative-aid statute *Buse* dealt with, secs. 46.26(3)(c)-(f), Stats., provide for allocation of Youth Aid funds to counties on the basis of costs to the state and each county's past use of services provided by the state under sec. 48.34, Stats. Unlike the negative-aid statute, sec. 46.26(3) has nothing to do with levy rates, valuations, equalized valuations and the like. Section 46.26(4)(a) determines whether a bill shall be sent to a county on the basis of the state's cost of services for the county and the Youth Aid allocation to the county. None of those factors are related to the tax process. We conclude that *Buse* does not support appellants' contention that sec. 46.26(4)(a) is a tax statute.

---

(a) Beginning with the 1977–78 school year the amount by which the school district equalized valuation exceeds the primary guaranteed valuation, multiplied by the primary required levy rate.

(b) The amount by which the school district equalized valuation exceeds the secondary guaranteed valuation, multiplied by the secondary required levy rate.

(3) If the net amount computed under subs. (1) and (2) results in a negative sum, that amount shall constitute the negative aid payment due. The negative aid payment due shall be certified to the school district by the state superintendent on or before March 15. The school district treasurer shall transmit the amount certified to the state treasurer on or before May 15. The state treasurer shall credit this amount to the negative aid payment appropriation under s. 20.255(1)(k). No negative aid payment shall be required under this subsection prior to the 1976–77 school year.

*State ex rel. La Follette* involved statutory tax credits to property owners for building and garage improvements which resulted in an increased property tax assessment. The court held that the statute was a tax provision. 85 Wis. 2d at 107, 270 N.W.2d at 192. The court observed that the legislature itself had designated the law as a tax statute in the language of the statute, and except for the actual writing of a rebate check, and the source of the funds for such payments, its administration was an integral part of the property taxing process. *Id.* at 104, 270 N.W.2d at 191. The court characterized the statute as "integrated to the property tax process through the involvement of the local taxing authority by requiring them to provide assessment figures necessary to calculate the credits." *Id.* at 105. No provision in sec. 46.26, Stats., is remotely comparable to those in the statutes discussed in *State ex rel. La Follette.*

Because we conclude that sec. 46.26(4)(a), Stats., is not a tax statute, we do not reach the uniformity issue under Wis. Const. art. VIII, sec. 1. Since no other provision of the constitution has been called to our attention which limits the power of the state exercised under sec. 46.26(4)(a), we conclude that the statute has not been shown to be unconstitutional.

*By the Court.*—Judgment affirmed.