Jack McMANUS, as Personal Representative of the
Estate of Dorothy McManus, Petitioner-Appellant,

v.

Wisconsin DEPARTMENT OF REVENUE,
Respondent.

Court of Appeals

*No. 89-1126. Submitted on briefs December 8, 1989.—Decided
March 29, 1990.*

(Also reported in 455 N.W.2d 906.)

For the petitioner-appellant the cause was submitted on the briefs of *Dennis J. Sieg* of *McManus Law Offices* of Madison.

For the respondent the cause was submitted on the brief of *Donald J. Hanaway*, attorney general, and *F. Thomas Creeron, III*, assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J.  The estate of Dorothy McManus appeals from a circuit court order affirming a decision of the Tax Appeals Commission in a ch. 227, Stats., review and declaring constitutional the Farmland Preservation Credit statute, sec. 71.09(11), Stats. (1977–78).[1] The Commission had sustained a Department of Revenue decision, denying Dorothy McManus a tax credit under the statute. The issues are whether sec. 71.09(11) is a tax provision; and if so, whether it violates the uniformity of taxation clause, art. VIII, sec. 1 of the Wisconsin Constitution[2] We conclude sec. 71.09(11) is not a tax statute. Accordingly, we affirm without reaching the constitutional issue.

## BACKGROUND

The parties stipulated to the facts. In 1978, Dorothy and Jack McManus owned 331.3 acres of farmland as joint tenants. That year the McManuses had $180,987 in

---

[1]All subsequent references to this statute are to its 1977 version.

[2]Wis. Const. art. VIII, sec. 1 provides in part,

The rule of taxation shall be uniform . . .. Taxes shall be levied upon such property . . . as the legislature shall prescribe. Taxation of agricultural land and undeveloped land, both as defined by law, need not be uniform with the taxation of each other nor with the taxation of other real property . . ..

household income. Dorothy's income was approximately $6,000.

Dorothy applied for a farmland preservation credit of $1,836.80 based on her interest in the land.[3] The Department of Revenue denied her claim because her household income exceeded $38,429, the maximum allowed under the statute. The Tax Appeals Commission upheld the determination on the same ground.

In a ch. 227, Stats., review, the circuit court affirmed the commission's decision, finding that sec. 71.09(11), Stats., limited eligibility for the tax credit by the amount of the claimant's household income. The court also declared that the statute was constitutional after rejecting due process, equal protection and uniformity of taxation claims. On appeal, the estate maintains only its uniformity of taxation challenge to sec. 71.09(11) under Wis. Const. art. VIII, sec. 1.

## STANDARD OF REVIEW

Whether sec. 71.09(11), Stats., is a tax statute and whether the statute contravenes the uniformity clause are both questions of law. We generally accord deference to the Tax Appeal Commission's legal conclusions, although we are not bound by those conclusions. *Revenue Dept. v. Lake Wisconsin Country Club,* 123 Wis. 2d 239, 242-43, 365 N.W.2d 916, 918 (Ct. App. 1985). *But see Drivers Local No. 695 v. LIRC,* 154 Wis. 2d 75, 82-83, 452 N.W.2d 368, 371-72 (1990) (agency's interpretation of statute not entitled to weight unless long continued, substantially uniform and without judicial

---

[3]Dorothy originally claimed a credit of $2,624. The amount was reduced to $1,836.80 pursuant to the parties' stipulation before the Tax Appeals Commission.

challenge); *contra Samens v. LIRC,* 117 Wis. 2d 646, 673–74, 345 N.W.2d 432, 444 (1984) (agency's interpretation of statute entitled to weight where question one of first impression).

Here, the Tax Appeals Commission did not consider the constitutional question because it lacked the authority to do so. *See Wisconsin Socialist Workers 1976 Campaign Committee v. McCann,* 433 F. Supp. 540, 545 (E.D. Wis. 1977) (Administrative agencies have no authority to rule on the constitutionality of statutes they enforce.). The trial court reached the constitutional question. We decide such issues without deference to the trial court. *O'Donnell v. Reivitz,* 144 Wis. 2d 717, 725, 424 N.W.2d 733, 735 (Ct. App. 1988).

The unconstitutionality of any statute must be established beyond a reasonable doubt, and every presumption must be indulged to sustain the law if at all possible. *Quinn v. Town of Dodgeville,* 122 Wis. 2d 570, 577, 364 N.W.2d 149, 154 (1985). "[W]here a tax measure is involved, the presumption of constitutionality is strongest." *Department of Revenue v. Moebius Printing Co.,* 89 Wis. 2d 610, 625, 279 N.W.2d 213, 219 (1979).

## DISCUSSION

We must first determine whether sec. 71.09(11), Stats., is a property tax statute. The rule that taxation shall be uniform applies to the taxation of property, not income. *Gottlieb v. Milwaukee,* 33 Wis. 2d 408, 427–28, 147 N.W.2d 633, 643 (1967). A 1974 amendment to Wis. Const. art. VIII, sec. 1 excepted agricultural land from the uniformity requirement. Under the amendment, agricultural land may be taxed in a manner that is not

454

uniform with the taxation of other real property. However, the uniformity requirement still applies within the agricultural classification itself. 68 Op. Att'y Gen. 179, 181 (1979). Thus, a tax law that granted a partial exemption to some agricultural lands and not others would violate the uniformity requirement. *State ex rel. La Follette v. Torphy,* 85 Wis. 2d 94, 106, 270 N.W.2d 187, 192 (1978).

The estate maintains that sec. 71.09(11), Stats., is a tax statute and that its effect is to partially exempt some farmland from full taxation. The department, on the other hand, argues that the statute is a relief statute and that consequently the uniformity provision does not apply.

In *State ex rel. Harvey v. Morgan,* 30 Wis. 2d 1, 10–14, 139 N.W.2d 585, 589-91 (1966), the court determined that the Homestead Tax Relief Act, which provided tax credits to needy individuals over sixty-five years old, was a relief measure. The court made that determination based on the following considerations: (1) the statute itself stated that it was a relief statute; (2) the relief was afforded to renters, who did not pay property taxes; (3) the credit was tied to the individual's characteristics—e.g., shelter cost, age and income—and not to the characteristics of the property; (4) the property owners receiving the relief paid their property tax bill in full and received a credit against their income taxes from the state's general fund; and (5) the administration of the law was tied to the income tax system rather than to the property tax system. *Id.*

The characteristics of the *Harvey* statute are the criteria by which we determine whether a statute is a relief statute. In *Torphy,* the court determined that the Improvements Tax Relief Act, which provided tax credits paid from the general revenue fund to property own-

ers for building and garage improvements resulting in an increased property tax assessment, was a tax statute rather than a relief statute. *Torphy,* 85 Wis. 2d at 107, 270 N.W.2d at 192. The court noted that, unlike the Act in *Harvey,* the legislature had referred to the law as a tax statute in the language of the statute; that the credit was not available to renters; and that claimants qualified for the credit on the basis of the property's characteristics, value and age.

On the other hand, like the Act in *Harvey,* the claimants were required to pay their property tax bills in full and received a credit against their income taxes from the state's general fund. However, the court characterized the statute as "integrated to the property tax process through the involvement of the local taxing authority by requiring them to provide assessment figures necessary to calculate the credits." *Torphy,* 85 Wis. 2d at 105, 270 N.W.2d at 191. The court stressed that the "persuasive individual relief aspects" of *Harvey* were not present in this case and that no attempt was made to determine whether a claimant was in need of a tax credit. *Torphy,* 85 Wis. 2d at 105, 270 N.W.2d 191. The court held the Improvements Tax Relief Act unconstitutional.

As the trial court observed, the farmland preservation credit statute falls somewhere between the statutes considered in *Harvey* and *Torphy.* The stated purpose of the statute is "to provide credit to owners of farmland which is subject to agricultural use restrictions, through a system of income tax credits and refunds and appropriations from the general fund." Sec. 71.09(11), Stats. To qualify for the credit, the claimant must own farmland subject to a farmland preservation agreement or subject to exclusive agricultural zoning ordinances. Secs. 91.01(7) and 91.71, Stats. (1977–78). The agreement is a

restrictive covenant, in which the owner agrees to maintain the agricultural character of his or her land for ten to twenty-five years. Sec. 91.13(10) (1977–78). Due to the way in which the credit is calculated, a claimant will not receive a credit if his or her household income[4] exceeds $38,429. Thus, while the legislature did not refer to the law as a relief statute, the purpose of the farmland preservation credit is to provide economic relief to those needy farmland owners whose land becomes subjected to use restrictions.

The statute does not afford relief to renters of farmland. As the trial court explained, this fact is logically consistent with the statute's purpose. "While the costs of high property taxes are passed down in some measure to renters, the costs imposed by exclusive agricultural zoning fall almost entirely on the property owner."

Consistent with its relief purpose, the credit is tied to the claimant's income. The estate argues that, because "claimant" is defined as "an owner of farmland," the credit is tied to the characteristics of the property rather than the individual. It is true that an individual cannot qualify for the credit unless he or she owns farmland subject to certain land use restrictions. However, it is also true that only those whose income does not exceed $38,429 will qualify for the credit. In this respect, this case differs from *Torphy*. There, the court determined that the statute under review was a tax statute primarily because

> The persuasive individual relief aspects in the *Harvey Case, supra,* are absent in the present case. The

[4]Section 71.09(11)(a)4, Stats., defines "household income" to mean "all of the income of the claimant, the claimant's spouse and all minor dependents attributable to the income year while members of the household."

statute here qualifies taxpayers for credit on the basis of the property's characteristics, value and age. No attempt is made to ascertain whether the particular taxpayer is in need of a tax credit. The taxpayer's financial situation is irrelevant since it is the property that qualifies for the credit.

*Torphy,* 85 Wis. 2d at 105, 270 N.W.2d at 191.

Like the Act in *Harvey,* those receiving the credit must pay their property tax bill in full and receive a credit against their income taxes from the state's general fund. The estate, nevertheless, argues that the administration of the statute is tied to the property tax system because, in support of their claims, claimants are required to submit a copy of their property tax bill. Sec. 71.09(11)(h), Stats. We disagree.

The fact that the claimant must supply the department with a copy of his or her property tax bill does not mean that the administration of the statute is tied to the property tax system. In both *Harvey* and *Torphy,* claimants had to submit copies of their tax bills. In *Torphy,* the court determined that the Act under review was integrated with the property tax system because the local taxing authority was required to provide the assessment figures on which the tax could be calculated. *Torphy,* 85 Wis. 2d at 105, 270 N.W.2d at 191. No such requirement exists here.

■ We conclude that the farmland preservation credit law is a relief statute and is therefore not subject to the uniformity requirement. *Harvey,* 30 Wis. 2d at 10, 139 N.W.2d at 589.

The estate also argues that it is entitled to the credit under the reasoning of *McManus v. Department of Revenue,* 91 Wis. 2d 682, 283 N.W.2d 576 (1979). The estate raises this argument under the rubric of a uniformity of

taxation challenge. Although the estate's claim has nothing to do with the uniformity clause, we will address it briefly.

In *McManus,* Jack sought to deduct all the farm losses on his personal state income tax return, though he and Dorothy owned the farmland in joint tenancy. The court determined that Jack was not entitled to claim all the farm losses but only his proportionate share, holding that losses must be attributed to joint tenants in equal amounts. *McManus,* 91 Wis. 2d at 690, 283 N.W.2d at 580.

Here, the estate argues that, consistent with *McManus,* a joint tenant should be entitled to his or her proportionate share of the farmland preservation credit and that eligibility for the credit should be determined on the basis of the joint tenant's individual income. Because Dorothy's income was within the statute's maximum, she should be entitled to half the credit for which the farm would otherwise qualify. We disagree.

Under sec. 71.09(11), Stats., joint tenants are allowed their proportionate share of the farmland preservation credit as long as the joint tenant's household income does not exceed $38,429.[5] In *McManus,* because the farm was held in joint tenancy, the losses had to be split among the joint tenants. This would be true no matter whether the joint tenants were members of the

---

[5]Under the farmland credit statute, joint tenants who are not members of the same household and who meet the income requirements are entitled to receive the tax credit on a pro rata basis. Section 71.09(11)(a)7., Stats., provides that

> If farmland is owned by 2 or more persons as joint tenants . . . and one or more such persons . . . is not a member of the claimant's household, "property taxes accrued" is that part of property taxes levied on the farmland . . . as reflects the ownership percentage of the claimant and the claimant's household.

same household. Eligibility for the farmland credit, however, is based on household income. If Dorothy held the land in joint tenancy with a non-household member, she would still be ineligible for the credit because her household income exceeds the statute's maximum.

The estate has not shown that the legislature is forbidden to determine a claimant's eligibility for a tax credit under a relief statute based on the claimant's household income. Because *McManus* does not stand for such a proposition, we reject the estate's argument.

*By the Court.*—Order affirmed.

SUNDBY, J. *(dissenting)*. Because I conclude that sec. 71.09(11), Stats. (1977-78), violates the uniformity clause, I respectfully dissent.

The uniformity rule, as applied to agricultural land, is stated in Wis. Const. art. VIII, sec. 1, as follows: "The rule of taxation shall be uniform. . . . Taxation of agricultural and undeveloped land, both as defined by law, need not be uniform with the taxation of each other nor with the taxation of other real property." The attorney general has opined that whatever method of classification of agricultural property the legislature adopts, there still must be uniformity of treatment within the class of agricultural land. 68 Op. Att'y Gen. 179, 179-81 (1979). In sec. 71.09(11), Stats., the legislature established as a class of agricultural land, farmland which is subject to agricultural use restrictions. The Farmland Preservation Credit Act may result in an unequal tax burden on taxpayers owning farmland of equal value. For example, the amount of "credit" to which a claimant may be eligible depends on the extent to which his or her farmland is subject to agricultural use restrictions. Also, the department of revenue may disallow a claim if it determines

that ownership of the farmland was transferred to the claimant primarily for the purpose of maximizing benefits under the law. Sec. 71.09(11)(f). Finally, the "credit" is dependent on the amount of "excessive property taxes" levied against the property, computed by a formula considering household income.

The inequality in tax burden is fatal to the law *unless* the Farmland Preservation Credit Act is a "relief" act, which is not subject to the uniformity clause, rather than a "tax" act.

In *State ex rel. Harvey v. Morgan*, 30 Wis. 2d 1, 139 N.W.2d 585 (1966), the Wisconsin Supreme Court held that the Homestead Tax Relief Act was a relief law in purpose and operation and was therefore not subject to the rule of uniformity. In *State ex rel. La Follette v. Torphy*, 85 Wis. 2d 94, 105, 270 N.W.2d 187, 191 (1978), the court said that the *Harvey* court rested its conclusion on the following grounds:

> First, the stated purpose of the Act was to provide "relief" to certain persons. Second, the law provided relief even to renters who did not pay property taxes. Third, claimants who paid property taxes would pay them in full and receive a credit against their income taxes from the state's general fund. Fourth, the credit was tied to the individual's characteristics, those of shelter costs, age and income, and not to those of the property. Fifth, the administration of the law was tied to the income tax system and not to the property tax system.

In *Gottlieb v. Milwaukee*, 33 Wis. 2d 408, 426, 147 N.W.2d 633, 642 (1967), the court said that, "The clear implication of *[Harvey]* is that a payment that would constitute a rebate of property taxes would be a partial exemption and therefore void." The Farmland Preservation Credit Act clearly provides for rebates of "excessive

property taxes," albeit by a sophisticated scheme of rebate credits paid from the state's general revenues.

In *Torphy*, where the court concluded that the Improvements Tax Relief Law violated the uniformity clause, the court compared the law with the Homestead Tax Relief Act considered in *Harvey*. First, the court pointed out that the Improvements Tax Relief Law gave "tax credits" to "offset increased property taxes." In contrast, the purpose of the Homestead Tax Relief Act was to provide "relief" to certain persons. *Harvey*, 30 Wis. 2d at 5, 139 N.W.2d at 586. The Farmland Preservation Credit Act gives "credit" for "excessive property taxes" to owners of farmland which is subject to agricultural use restrictions.

Second, the *Torphy* court found that the Improvements Tax Relief Act was "founded upon the characteristics of particular properties, not the characteristics of the individual owners." 85 Wis. 2d at 105, 270 N.W.2d at 191. In contrast, the Homestead Tax Relief Act took "shelter, a major cost-of-living item, as a factor upon which relief is predicated. . . . [A]ssistance is available to those elderly persons on the very verge of poverty . . .." *Harvey*, 30 Wis. 2d at 13–14, 139 N.W.2d at 591. Here, the Farmland Preservation Credit Act is founded upon the characteristics of the property. It must be subject to agricultural use restrictions. True, the amount of tax credit available to a farmland owner is subject to a limitation computed on the basis of household income; however, the Act does not attempt to ascertain whether a particular taxpayer/claimant is in need. The unabashed purpose of the Act is to provide an incentive to owners of farmland to preserve that land for agricultural uses. The claimant's age and need for "relief" are irrelevant. Further, no "relief" is available to renters. *See Harvey*, 30 Wis. 2d at 14, 139 N.W.2d at 591 ("[The

Homestead Tax Relief Act] is in no way a property-tax law, for if the claimant does not in fact pay taxes, but instead pays rent, he is still entitled to relief.").

Third, as in *Torphy,* the act is integrated with the property tax process. The amount of any claim is based upon property taxes accrued in the preceding calendar year. Sec. 71.09(11)(b), Stats. The accrual of property taxes depends on delivery of the tax roll to the local treasurer. Sec. 71.09(11)(a)7. At the request of the department, the claimant shall present with his or her claim a copy of the property tax bill relating to the farmland. Sec. 71.09(11)(h). In this case, of course, we have the additional involvement of the local zoning authority. The Farmland Preservation Credit Act is integrated with the local zoning process, and, in fact, is wholly dependent upon it.

As in *Torphy,* the only grounds relied on by the *Harvey* court that are present here are the payment of property taxes to the local authority and the receipt of a rebate credit from the general revenues of the state. The *Torphy* court discounted this factor. The court said that owners of homes with identical assessed valuations would bear an unequal tax burden even though they initially paid the same amount to the local taxing authority. 85 Wis. 2d at 111, 270 N.W.2d at 194. Likewise, in the present case, owners of farmland which is subject to agricultural use restrictions will bear an unequal tax burden even though they initially pay the same amount to the local taxing authority.

The intent of the Farmland Preservation Credit Act is laudable. Its purpose is twofold: "(1) to provide property tax relief to farmland owners and (2) to encourage local governments to develop farmland preservation policies." *Farmland Preservation Program,* Information Paper No. 25, Legislative Fiscal Bureau, at 1 (Jan. 1989).

Unfortunately, the property tax relief the Act provides is general and not specific. Every landowner, urban or rural, seeks relief from the burden of property taxes. The qualification for "relief" under the Act depends not upon an individuated demonstration of need but upon membership in an entire class of property owners. Individuated need is the kind of need which justifies legislative "relief." The constitutionally permissible "relief" is tied to the characteristics of the individual, such as shelter costs, age and income.[1] The Farmland Preservation Credit Act, however, is tied to the characteristics of the land: Is it subject to appropriate agricultural use restrictions?

The Improvements Tax Relief Act likewise had a laudable objective. Its purpose was to stimulate improvement of real estate which would result in increased property tax values and, presumably, in a broader tax base which would redound to the benefit of all property taxpayers. Nonetheless, the *Torphy* court was forced to invalidate the tax because its result was to partially exempt some real estate from full taxation. The result under the Farmland Preservation Credit Act is no different. The Act results in a lower valuation for tax purposes for some owners than for other owners of property with equal fair market value. The uniformity clause does not permit such disparity.

---

[1]Section 138, ch. 93, Laws of 1981, modified the Farmland Preservation Credit Program to provide a minimum credit, equal to ten percent of property taxes, to any farmer subject to an exclusive agricultural zoning ordinance, regardless of income. Thus, the legislature's modest gesture towards constitutionality has been removed. This modification does not affect this case because the taxpayer's claim is for a year prior to the amendment.